NO. 93-199

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

STATE OF MONTANA,

       Plaintiff and Respondent,

  -vs-

RICHARD J. FERTTERER, SR., and
DAVID JOHN FERTTERER,

       Defendants and Appellants.

FILED

OCT 04 1993

Ed Smith

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Eighth Judicial District,
              In and for the County of Cascade,
              The Honorable Joel G. Roth, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

          John M. Morrison, Morrison Law Offices, Helena,
          Montana

       For Respondent:

          Hon. Joseph P. Masurek, Attorney General, Paul D.
          Johnson, Assistant, Helena, Montana; Patrick L.
          Paul, Cascade County Attorney, Great Falls, Montana

Submitted on Briefs:  September 2, 1993

Decided:  October 4, 1993

Filed:

_____
       Clerk

Justice James C. Nelson delivered the Opinion of the Court.

Defendants appeal from an Order of the Eighth Judicial District Court, Cascade County, denying defendants' motion to amend their sentences so as to cause such sentences to run concurrently with their sentences in the United States District Court (federal court) . We affirm.

We state the issues on appeal as follows:

1. Did the District Court err in denying defendants' motion for summary ruling on the basis of Uniform District Court Rule 2(b)?

2. Did the District Court err in refusing to amend the defendants' sentences so as to cause such sentences to run concurrently with their sentences in federal court?

Richard J. Fertterer, Sr. was charged with two felony counts of criminal mischief and seven misdemeanor fish and game violations in connection with a wide-spread poaching operation. His son, David John Fertterer, was charged with two felony counts of criminal mischief and four misdemeanor fish and game violations. On May 14, 1991, a jury found both defendants guilty of all counts. On June 19, 1991, District Judge Joel G. Roth sentenced the defendants each to twenty years in the Montana State Prison, with fifteen years suspended, on the felony counts and to concurrent jail terms on the misdemeanor counts. In addition, fines, restitution, and costs were levied against the defendants. The defendants appealed from their convictions to this Court, and we upheld the convictions on September 28, 1992. State v. Fertterer

2

(1992), 255 Mont. 73, 841 P.2d 467 (Fertterer I).   Petition for rehearing was denied on November 12, 1992, and remittitur issued on November 16, 1992,.

The factual background leading up to the defendants' convictions is set forth in Fertterer I, and will not be repeated here except as necessary to dispose of the issues before us.

On October 27, 1992, the defendants moved the District Court to amend their sentences so as to cause such sentences to run concurrently with sentences the defendants received in federal court for convictions under the Lacey Act.   Those federal convictions were for offenses arising out of the same transactions as the state convictions.  The federal sentences were set forth in judgments filed on September 16, 1991.   Following a hearing on March 4, 1993, the District Court denied defendants' motion to amend, and they subsequently filed a notice of appeal on March 18, 1993.   Pending this appeal, the District Court stayed execution of sentence.

Our standard of review in reviewing discretionary district court rulings, such as those relating to post-trial motions, is whether the district court abused its discretion.   Steer, Inc. v. Dep't of Revenue (1990), 245 Mont. 470, 475, 803 P.2d 601, 604.

### I – UNIFORM DISTRICT COURT RULE 2(B)

On October 27, 1992, defendants filed a motion to amend their sentences.   Remittitur issued by this Court on November 16, 1992, returning jurisdiction of the case to the District Court. On February 18, 1992, the defendants filed a motion for summary ruling

because the State of Montana (State) did not file a responsive brief to their motion to amend sentences. The State also did not respond to the motion for summary ruling. On March 4, 1993, the day of the hearing on the defendants' motions, the State filed Objections to Defendants' Motions. The defendants contend that the District Court erred in denying them summary ruling on the motion to amend their sentences, arguing that Uniform District Court Rule Z(b) (Rule 2(b)) requires such a result. We disagree.

Rule 2(b) provides, in pertinent part:

> Failure to file briefs. Failure to file briefs may subject the motion to summary ruling. . . Failure to file an answer brief by the adverse party within ten days shall be deemed an admission that the motion is well taken. . . .

While the State's failure to file an answer brief within the time allowed under Rule 2(b) is to be viewed as an admission by the State that the motion is well-taken, the rule does not require the District Court to grant the unanswered motion. Maberry v. Gueths (1989), 238 Mont. 304, 309, 777 P.2d 1285, 1289. Rule 2(b) states that a failure to file a responsive brief by the non-moving party "may" subject a motion to summary ruling. However, Rule 2(b) does not remove the discretion of the District Court to grant or deny the unanswered motion. Maberry, 777 P.2d at 1289. We hold that the District Court did not abuse its discretion in denying the defendants' motion for summary ruling on their motion to amend sentences.

## II - AMENDMENT OF SENTENCES TO RUN CONCURRENTLY

The defendants contend that the District Court erred by

refusing to amend its sentences so as to cause such sentences to run concurrently with their subsequent sentences in federal court. Again, we disagree.

The defendants pled guilty to violations of the Lacey Act, which arose out of the same transactions for which the defendants were convicted in state court. In sentencing the defendants for the Lacey Act violations, United States District Judge Jack D. Shanstrom stated that Richard Fertterer's sentence was "to be served concurrent to the sentence imposed by the State of Montana in connection with the same transaction." Judge Shanstrom stated that David Fertterer's sentence "shall be served concurrent to state penalties dealing with the same criminal transaction." Based on this language in the federal court sentences, defendants argue that the District Court should amend its sentences so as to cause such sentences to run concurrently with the federal sentences. The District Court correctly refused.

While defendants advance several different arguments supporting this position, we find one well-settled principle of Montana law dispositive. Once a valid sentence has been pronounced, the court imposing that sentence has no jurisdiction to modify it, except as provided by statute. In re Petition of Arledge (1988), 232 Mont. 450, 451, 756 P.2d 1169, 1170; State v. George (1986), 224 Mont. 495, 496, 730 P.2d 412, 413; Dahlman v. District Court (1985), 215 Mont. 470, 472, 698 P.2d 423, 425. The only statutory authority allowing a court to modify a sentence is provided at § 46-18-117, MCA, which provides:

5

> Correction of sentence. The court may correct an illegal sentence or disposition at any time and may correct a sentence imposed in an illegal manner within 120 days after the sentence is imposed or after remand from an appellate court.

Thus, the District Court could not amend the defendants' sentences unless those sentences were illegal or were imposed in an illegal manner.

Here, the District Court sentenced each defendant to ten years in prison on each of the two felony criminal mischief convictions, for a total of twenty years. However, the District Court then suspended fifteen years on each defendant's sentence. In addition, the District Court fined each defendant for the two felonies, and assessed costs and restitution.

Section 45-6-101(3), MCA, sets forth the maximum punishment for felony criminal mischief as being a $50,000 fine, imprisonment for ten years, or both. Thus, in this case, the defendants could have been sentenced to twenty years in prison, with no time suspended, and could have been fined $100,000 each.

On the misdemeanor counts, the District Court sentenced the defendants to six months in the county jail on each count, and required those sentences to run concurrently with the felony prison sentences. In addition, the defendants were fined $500 for each violation. With respect to the misdemeanor violations, the maximum penalty allowable under law is six months in the county jail and a $500 fine. Section 87-1-102, MCA.

Clearly, the District Court's sentences were well within the statutory maximums and were not illegal. Similarly, there is

nothing in the record that would lead to the conclusion that the defendants' sentences were imposed in an illegal manner. Therefore, because the sentences imposed by the District Court were clearly legal, the District Court was without jurisdiction to thereafter amend the sentences. We hold that the District Court properly denied the defendants* motion to amend their sentences.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

October 4. 1993

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


John M. Morrison
Morrison Law Offices
80 So. Warren
Helena, MT 59601

Patrick L. Paul, County Attorney
Mike Fanning, Deputy
Cascade County Courthouse
Great Falls, MT 59401

Hon. Joseph P. Mazurek, Attorney General
Paul D. Johnson, Assistant
Justice Bldg.
Helena. MT 59620

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
    Deputy