No. 95-295

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

STATE OF MONTANA,

      Plaintiff and Respondent,

  v.

CHARLES A. GRAVELEY,

      Defendant and Appellant.

FILED

APR 0 5 1996

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the First Judicial District,
                In and for the County of Lewis and Clark,
                The Honorable Ed McLean, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Gregory A. Jackson, Jackson & Rice, Helena, Montana

          J. C. Weingartner, Helena, Montana

      For Respondent:

          Honorable Joseph P. Mazurek, Attorney General;
          Elizabeth L. Griffing, Assistant Attorney General,
          Helena, Montana

          Mike McGrath, County Attorney, Helena, Montana

Submitted on Briefs:  February 1, 1996

Decided:  April 5, 1996

Filed:

_____
                Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Charles A. Graveley pled guilty to the offense of solicitation to commit deliberate homicide, in violation of §§ 45-4-101 and 45-5-102, MCA, in the First Judicial District Court, Lewis and Clark county.  Graveley appeals from the District Court's sentence. We affirm.

We find the following issues dispositive on appeal:

1.  Did the District Court err in issuing a written judgment which was inconsistent with its prior oral pronouncement of sentence?

2.  Did the District Court err in not applying the exceptions to the mandatory minimum sentence?

Graveley was charged by information with solicitation to commit deliberate homicide in connection with his attempt to hire another person to murder his former girlfriend.  Pursuant to a plea agreement with the Lewis and Clark County Attorney, Graveley pled guilty to the charge.  In signing the plea agreement, Graveley acknowledged that he could be sentenced to serve from ten years to one hundred years in prison.

At the sentencing hearing, Graveley presented evidence which he argued supported imposition of less than the mandatory minimum sentence of ten years.  Pursuant to § 46-18-222, MCA (1993), Graveley argued that exceptions exist by which the District Court should have sentenced him to less than the mandatory minimum sentence.

Section 46-18-222, MCA (1993), reads, in part:

All mandatory minimum sentences prescribed by the laws of this state and the restrictions on deferred imposition and suspended execution of sentence prescribed by 46-18-

2

201(4) through (6), 46-18-221(3), 46-18-224, and 46-18-502(3) do not apply if:

(2) the defendant's mental capacity, at the time of the commission of the offense for which the defendant is to be sentenced, was significantly impaired, although not so impaired as to constitute a defense to the prosecution. However, a voluntarily induced intoxicated or drugged condition may not be considered an impairment for the purposes of this section.

(5) in a case in which the threat of bodily injury or actual infliction of bodily injury is an actual element of the crime, no serious bodily injury was inflicted on the victim unless a weapon was used in the commission of the offense . .

Graveley argues that he satisfied the above elements of § 46-18-222, MCA (1993), and was therefore eligible for a more lenient sentence. The District Court found no grounds to apply the exception to the mandatory minimum sentence and sentenced Graveley to the custody of the Montana Department of Corrections and Human Services for forty years. Graveley appeals his sentence.

District courts have broad discretion in sentencing criminal defendants. It is not the role of this Court to review sentences for inequity; rather, this Court will only review a sentence to determine whether the district court abused its discretion. State v. DeSalvo (Mont. 1995), 903 P.2d 202, 204, 52 St.Rep. 1019, 1020.

Issue 1

Did the District Court err in issuing a written judgment which was inconsistent with its prior oral pronouncement of sentence?

On December 20, 1994, the District Court held a sentencing hearing. At the close of the hearing, the court pronounced its

3

sentence orally to defendant Graveley.  In sentencing Graveley, the court stated:

> I sentence you to a period of 40 years with the Department of Corrections, the first ten years of that sentence will be placed in a prison environment similar to that of the Montana State Prison.  The Department of Corrections has the authority to then place you in a suitable environment.

On January 25, 1995, the court issued its written judgment and commitment, which stated:

> [T]he defendant is committed to the Montana Department of Corrections and Human Services for a period of forty (40) years for placement that may include Montana State Prison or other suitable corrections placement. .
>
> It is the recommendation of this Court that defendant Graveley serve a portion of this sentence in a prison environment.  The Montana Department of Corrections and Human Services may allow additional good time if it deems appropriate for parole eligibility.

Graveley's primary argument is that the court did not include in its written judgment and commitment the provision that he must serve at least ten years of the forty-year sentence in a prison environment.  While Graveley points to several other discrepancies between the oral and written sentences, these variances appear to be primarily a matter of semantics, and Graveley does not demonstrate how these minor differences prejudice him.

Graveley argues that the court's oral sentence was in essence a ten-year sentence with an additional thirty years suspended.  The written judgment, on the other hand, was for forty years, any lesser term of incarceration is subject to the discretion of the Department of Corrections

Section 46-18-102, MCA (1993), provides that:

4

(1) The judgment shall be rendered in open court.

(3)(a)    If the verdict or finding is guilty, sentence shall be pronounced and judgment rendered within a reasonable time.

(b)    When the sentence is pronounced, the judge shall clearly state for the record his reasons for imposing the sentence.

Pursuant to this section, the District Court pronounced Graveley's sentence in open court on December 20, 1994, and issued its written judgment on January 25, 1995.  However, the sentence provided for in the judgment varied from the sentence pronounced in open court.

Section 46-18-117, MCA (1993), states:

The court may correct an erroneous sentence or disposition at any time and may correct a sentence imposed in an illegal manner within 120 days after the sentence is imposed or after remand from an appellate court.

In the present case, the District Court did not propose in its written judgment that the sentence pronounced in open court was either illegal or erroneous.  Absent a finding that a sentence is either erroneous or illegal, a district court may not alter a sentence.   In State v. Fertterer (1993), 260 Mont. 397, 860 P.2d 151, we determined that

[o]nce a valid sentence has been pronounced, the court imposing that sentence has no jurisdiction to modify it, except as provided by statute.  [Citations omitted. ] The only statutory authority allowing a court to modify a sentence is provided at § 46-18-117, MCA .

Fertterer, 860 P.2d at 154.

In this case, however, Graveley was not prejudiced by the court's written judgment varying from its orally pronounced sentence.  A review of the court's oral pronouncement indicates

5

that the oral sentence was for forty years, with at least ten to be served in a prison environment.   The dissent is in error in concluding that Graveley could not have been held in prison for more than ten years pursuant to the oral pronouncement of sentence. While the court may have anticipated that the Department of Corrections would parole Graveley after ten years, any parole or participation in a supervised release program was left solely in the discretion of the Department.   A clear reading of the oral pronouncement reveals that it constituted a forty-year sentence, of which Graveley was to spend at least ten years in a prison environment.

The written judgment and commitment was also a forty-year sentence.   However, the written judgment did not include the mandate that Graveley serve at least ten years in a prison environment.   As such, under the written judgment, Graveley is eligible for parole or participation in a supervised release program prior to serving ten years in prison.   The Department of Corrections has the discretion to parole Graveley before he serves the ten years mandated in the oral pronouncement.

This Court has long held that we will disregard any error, defect or irregularity in the proceedings which does not affect the substantial rights of the defendant. Section 46-20-701(2), MCA, (1993); State v. Wing (1994), 264 Mont. 215, 870 P.2d 1368. In this case, while the court incorrectly varied its written judgment from its oral pronouncement of sentence, the error was harmless in that the latter sentence was in fact more lenient than the former.

6

We conclude that while the District Court should not have altered the written judgment from its oral pronouncement of sentence, the variance in this case was harmless error.

Issue 2

Did the District Court err in not applying the exceptions to the mandatory minimum sentence?

Graveley argues that the court should have considered the exceptions to the mandatory minimum sentence. Section 46-18-222, MCA (1993), provides that a district court may sentence a criminal defendant to less than the statutory mandatory minimum sentence under certain circumstances. Graveley maintains that extenuating circumstances exist in his case which warrant the application of § 46-18-222, MCA. He argues that § 46-18-222(2) and (5), MCA, apply to the facts of this case. These subsections provide exceptions to the mandatory minimum sentence when the defendant's mental capacity is significantly impaired or when the victim of the crime did not suffer actual bodily injury. However, we need not address the merits of Graveley's argument because the exceptions found in § 46-18-222, MCA, apply only when the district court gives the statutory minimum sentence.

In State v. Nichols (1986), 222 Mont. 71, 720 P.2d 1157, the defendant argued that the he met the exceptions set forth in § 46-18-222, MCA, and the court therefore erred in not applying this section. We held, however, that

> [s]ection 46-18-222, MCA, does not apply in this case.
> Judge Davis did not pronounce a minimum sentence.
> Section 46-18-222, MCA, does not apply in cases where the
> maximum sentence is imposed. A careful reading of the
> statute and this Court's holding in State v. Stroud

7

> (Mont. 1984), 683 P.2d 459, 469, 41 St.Rep. 919, 931,
> indicates that the purpose of the statute is to allow a
> judge who would otherwise have to pronounce the minimum
> sentence, to sentence a defendant to less than the
> minimum sentence when the exceptions apply to the facts.

Nichols, 720 P.2d at 1164. A review of the District Court's oral pronouncement and written judgment indicates that the court was not predisposed to sentence Graveley to the ten-year statutory minimum. Contrary to Graveley's argument, the court's oral pronouncement did not amount to a ten-year sentence with thirty years suspended. Rather, the court sentenced Graveley to

> a period of 40 years with the Department of Corrections,
> the first ten years of that sentence will be placed in a
> prison environment similar to that of the Montana State
> Prison. The Department of Corrections has the authority
> to then place you in a suitable environment.

The written judgment reiterated that this was to be a forty year sentence, without the mandate that Graveley serve at least ten of these years in a prison environment.

We conclude that the District Court did not sentence Graveley to the mandatory minimum sentence, and, therefore, the exceptions to the mandatory minimum sentence do not apply to this case. We hold that the court did not abuse its discretion in sentencing Graveley

We affirm the decision of the District Court.


                              Chief Justice

We concur:

_____

_____

_____

**Justices**

Justice W. William Leaphart, dissenting.

I dissent from the Court's holdings in both issues; first, regarding the exceptions to the mandatory minimum sentence and, second, that the District Court's alteration of the oral sentence was harmless error. The Court concludes that the question as to the applicability of exceptions to the mandatory minimum sentence only comes into play if the District Court, in fact, imposes the mandatory minimum sentence. <u>See</u> § 46-18-222, MCA. The Court then reasons that since the District Court imposed a 40-year sentence, rather than the minimum 10 years, there is no need to discuss the exceptions to the mandatory minimum sentence. The Court ignores the fact that, pursuant to § 46-18-223, MCA, the sentencing judge "considered the exception to the mandatory minimum in this case and I find that they do not apply for the following reasons." Clearly the District Court was considering the mandatory minimum when it orally sentenced Graveley. If, as this Court holds, the judge was not predisposed to consider the mandatory minimum, one wonders why did the District Court engage in a discussion of why the exceptions to the mandatory minimum sentence did not apply? It makes little sense to consider exceptions to the mandatory minimum sentence if the mandatory minimum is not itself a consideration.

Additionally, why did the District Court, after finding that the exceptions to the lo-year minimum sentence did not apply, then proceed to sentence Graveley to 40 years "the first 10 years of that sentence will be placed in a prison environment. . . ." It was not pure coincidence that the court's sentence of 10 years in

10

a prison environment happens to be the same as the mandatory minimum of 10 years. The District Court's discussion of the exceptions coupled with the imposition of 10 years in a prison environment suggests to me that the judge, although rejecting the exceptions to the mandatory minimum sentence, was intending to impose the mandatory minimum sentence of 10 years in prison with 30 years under the Department of Corrections.

Secondly, when Graveley began serving the sentence on December 20, 1994, jeopardy attached and the District Court was without jurisdiction to alter or amend that sentence by a subsequent written judgment unless the sentence was illegal or erroneous. See § 46-18-117, MCA. The Court, in holding that the District Court's alteration of the oral sentence was harmless error, begs the crucial question of when, under Montana law, jeopardy attaches during sentencing. This Court has held that an oral sentence not reduced to writing, signed by the judge, or filed with the court is not a final judgment. State v. Enfinger (1986), 222 Mont. 438, 444, 722 P.2d 1170, 1174. In Enfinser, this Court relied on and quoted from a New Mexico case that held "[i]t is well established that an oral ruling by the trial court is not a final judgment, and that the trial court can change such ruling at any time before the entry of written judgment." Enfinger, 722 P.2d at 1174 (quoting State v. Diaz (N.M. 1983), 673 P.2d 501, 502, cert. denied, 469 U.S. 1016). Montana is the only state that has cited Diaz. In State v. Wirtala (1988), 231 Mont. 264, 270, 752 P.2d 177, 181, we relied on Enfinger and held:

11

It is self evident that a person cannot begin to serve a sentence which does not yet exist. The oral sentence first pronounced by the District Court did not constitute final judgment. . . . A trial court remains free to modify such a ruling until such **time** as it is reduce to writing, signed by the district judge and filed with the court.

State v. Mason also relied on and quoted from Enfinger's holding in concluding that "[t]he oral sentence pronounced by the District Court was not a final or valid judgment. We hold that appellant was not placed in double jeopardy because the original oral judgment was not final." State v. Mason (1992), 253 Mont. *419, 425, 833* P.2d 1058, 1062.

To the extent that Enfinger, Wirtala, and Mason hold that a written sentence can alter the terms of an oral sentence which the defendant **has** already begun to serve, they fundamentally contradict Montana statutory law and federal law regarding the finality of sentences. The following Montana statutes require the defendant's presence when his or her sentence is pronounced:

**46-16-121. Felony offenses.** (1) . . . the defendant in all cases in which a felony is charged *must be present* at . *sentencing* .

*46-16-123.* **Absence of defendant on receiving verdict or at sentencing. .**
(2) In all felony cases, the defendant shall appear in person when . . *the* sentence is *imposed* unless . . .

*46-18-115.* **Sentencing hearing.** *Before imposing* sentence . . . the court shall conduct a sentencing hearing, without unreasonable delay, as follows:
(1) *The court shall afford the parties an opportunity to be heard on any matter* relevant to *the disposition,* including the applicability of sentencing enhancement provisions, mandatory minimum sentences, persistent felony offender status, or an exception to these matters.

. .
(3) . . . . . *the* court *shall address the defendant personally* to ascertain whether the defendant wishes to make a statement and to present any information in mitigation of punishment or reason why the defendant should not be sentenced. If the defendant wishes to make a statement, the court shall afford the defendant a reasonable opportunity to do so.

(4) . . . .

(c) . . . if the victim's statement includes new material facts upon which the court intends to rely, the court *shall allow the defendant adequate opportunity to respond* and may continue the sentencing hearing if necessary.

. .

(6) In felony cases, the court shall specifically state all reasons for the sentence, including restrictions, conditions, or enhancements imposed, *in open court on the record* and in the written judgment. [Emphasis added. 1

The statutes are clear, when the court imposes a sentence on a defendant, the defendant must be present and must be given an opportunity to respond. Our cases holding that an oral sentence can be altered or amended by a subsequent written sentence imposed out of the presence of the defendant, contradict our statutory scheme, are, arguably, unconstitutional and directly oppose the federal authority they purport to invoke.

To bolster its holding in Enfinser that the oral sentence is not final, the Court noted "[t]he practice in the federal courts seems to support our decision." 722 P.2d at 1175. The Court then quoted United States v. DiFrancesco (1980), 449 U.S. 117, 134, 101 S.Ct. 426, 436, 66 L.Ed.2d 328, 344, for the following proposition:

the established practice in the federal courts that the sentencing judge may recall the defendant and increase his sentence, at least . . . so *long as he has not yet begun to serve that sentence.* [Emphasis added.1

Enfinser, 722 P.2d at 1175

13

In the present context, the principles of <u>DiFrancesco</u> do not support a change of sentence through a subsequent written judgment. Here, the sentencing court did not "recall" the defendant for further sentencing. Rather, it altered the original sentence by issuing a written sentence in the defendant's absence. Secondly, Graveley, having been in jail for some 30 days after the oral sentence, had clearly begun to serve the sentence by the time the written sentence was signed and filed.

Our holding that the written sentence rather than the oral sentence is final, directly contradicts the federal position regarding the finality of sentences. In United States v. Bergmann (9th Cir. 1988), 836 F.2d 1220, 1221, the Ninth Circuit held:

> "The only sentence that is legally cognizable is the actual oral pronouncement in the presence of the defendant." *United States v. Munoz-Dela Rosa, 495 F.2d 253, 256* (9th Cir. *1974). See United States v. Villano,* 816 F.2d 1448, 1451-52 & n. 5 (10th Cir. 1987) (en banc). It is the words pronounced by the judge at sentencing, not the words reduced to writing in the judge's Judgment/Commitment Order, that constitute the legal sentence.

Similarly, in <u>Munoz-Dela Rosa,</u> the Ninth Circuit held:

> In cases where there is a direct conflict between an unambiguous oral pronouncement of sentence and the written judgment and commitment, this Court has uniformly held that the oral pronouncement, as correctly reported, must control. . . . All acknowledge that judges are human and may misstate their intention at the time of sentencing. . . Yet . . . the interests of justice, in the light of constitutional double jeopardy protections and the defendant's right to be present at the time of sentencing (Rule 43, Federal Rules of Criminal Procedure), and to speak on his own behalf (Rule 32(a) (1), Federal Rules of Criminal Procedure), require strict adherence to the axiom that an unambiguous oral pronouncement of a legal sentence must control.

495 F.2d at 256. More recently, in United States v. Garcia (9th

Cir. 1994), 37 F.3d 1359, 1368, cert. denied, 115 S.Ct. 1699, 113 L.Ed.2d 562, the Ninth Circuit again held:

> An oral sentence which leaves uncertainty as to the amount of time to be served is ambiguous but not so ambiguous as to be illegal. . . Garcia's oral sentence is ambiguous as to the time to be served before becoming eligible for parole, but it is not illegal.
> Where the oral pronouncement of a defendant's sentence is unambiguous, but differs from the written sentence, *the oral sentence controls.* . . . In contrast, the written sentence will control where there are ambiguities in the oral pronouncement of the sentence, and the writing resolves the ambiguity. [Citations omitted; emphasis added.]

The Tenth Circuit explains the rationale for the finality of the oral sentence in United States v. Villano (10th Cir. 1987), 816 F.2d 1448, 1452-53.

> Changing the rule as suggested [undermining the finality of the oral sentence] also would endanger the right to be present at sentencing. Fed.R.Crim.P. 43(a) mandates that "[t]he defendant shall be present . . at the imposition of sentence. . ." Rule 43 has its source in the confrontation clause of the sixth amendment and the due process clause of the fifth and fourteenth amendments. . . . Although it is not an absolute right it is fundamental to the entire law of criminal procedure. . . A defendant is present only when being sentenced from the bench. Thus, a defendant is sentenced *in absentia* when the judgment and commitment order is allowed to control when there is a conflict.
> The imposition of punishment in a criminal case affects the most fundamental human rights: life and liberty. Sentencing should be conducted with the judge and defendant facing one another and not in secret. *It is incumbent upon a sentencing judge to choose his words carefully so that the defendant is aware of his sentence when he leaves the courtroom.* [Emphasis added.]

Consequently, there is a basic conflict between this Court's approach to the finality of a sentence and the federal position. It is striking that Enfinger purported to be in agreement with the federal decisions when, in fact, it is just the opposite. The

15

federal position is constitutionally sound and is consistent with Montana's statutory scheme. Like the federal statutes, Montana's statutes provide that a felony defendant must be present at sentencing and must be afforded an opportunity to speak at sentencing (see §§ 46-16-121; 46-16-123; 46-18-115, MCA, as quoted above). Our cases, holding that the "trial court remains free to modify [an oral] ruling until such time as it is reduced to writing, signed by the district judge and filed with the court," belie this important principle. Wirtala, 752 P.2d at 181.

Ironically, the holding in Wirtala that, "a person cannot begin to serve a sentence which does not yet exist," is contradicted by the holding of this case. Wirtala, 752 P.2d at 181. Graveley was in prison for more than 30 days before the written sentence was filed. He had clearly begun to serve his orally imposed sentence. In holding that Graveley's sentence was not final until it was reduced to writing on January 25, 1995, the Court has ruled, paradoxically, that Graveley, on December 20, 1994, began to serve a sentence which did not yet exist.

In sentencing cases, the general federal rule established by the U.S. Supreme Court's decision in DiFrancesco, is that jeopardy attaches once a defendant has a legitimate expectation of the finality of the sentence. DiFrancesco, 449 U.S. at 137. A legitimate expectation of finality is established when the prosecution's period for appealing the sentence expires. Most cases turn on statutory provisions providing the State with an opportunity to appeal a specific type of sentence. See, e.g.,

16

Hicks v. Duckworth (7th Cir. 1991), 922 F.2d 409, 411 (the defendant could not have an expectation of finality when beginning to serve his sentence under circumstances where the government had a clear statutory right to appeal); United States v. Smith (10th Cir. 1991), 929 F.2d 1453, 1457, cert. denied, 502 U.S. 847, (Smith had no legitimate expectation in the finality of his original sentence since that sentence was appealable by the government under a statutory provision and the time to appeal had not expired when he was resentenced)

In the instant case, there is no applicable statute granting the State the right to appeal Graveley's sentence. Since Graveley had begun to serve his orally imposed sentence the court had no jurisdiction to modify it, except as provided by statute. State v. Fertterer (1993), 260 Mont. 397, 400-401, 860 P.2d 151, 154 (citing In re Petition of Arledge (1988), 232 Mont. 450, 451, 756 P.2d 1169, 1170). The only statutory authority allowing a court to modify a sentence is provided in § 46-18-117, MCA. Fertterer, 860 P.2d at 154. Section 46-18-117, MCA, provides:

> 46-18-117. Correction of sentence. The court may correct an erroneous sentence or disposition at any time and may correct a sentence imposed in an illegal manner within 120 days after the sentence is imposed or after remand from an appellate court.

Graveley's oral sentence was neither ambiguous, erroneous, nor illegal. The oral sentence was:

> I sentence you to a period of 40 years with the Department of Corrections, the first ten years of that sentence will be placed in a prison environment similar to that of the Montana State Prison. The Department of Corrections has the authority to then place you in a suitable environment.

Thus, Graveley "had no reason to believe that the district court could, on its own motion and without explanation, increase the length of his sentence." United States v. Fogel (D.C. Cir. 1987), 829 F.2d 77, 89. "Unless a statute or rule extends the sentencing process further, the limit imposed by double jeopardy analysis is coterminous with the limit of the court's original sentencing authority--stopping the sentencing court's power 'at the jailhouse door.'" United States v. Earley (10th Cir. 1987), 816 F.2d 1428, 1434. The State had no statutory grounds to appeal this particular sentence, consequently Graveley could legitimately expect it to be final. Under these circumstances, once Graveley walked through the prison door, jeopardy attached and the District Court had no jurisdiction to modify Graveley's sentence. The Court reasons that since the Department of Corrections has more leeway under the written 40-year sentence to release Graveley in less than 10 years, any error in entering the written sentence is harmless. Since that same latitude allows the Department to hold Graveley in a prison environment for more than 10 years, I do not agree that the error is harmless.

_____
Justice

18

April 8, 1996

CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Gregory A. Jackson, Esq.
Jackson & Rice
833 No. Last Chance Gulch
Helena, MT 59601

J. C. Weingartner
Attorney at Law
222 Broadway
Helena, MT 59601

Hon. Joseph P. Mazurek
Attorney General
Justice Bldg.
Helena, MT 59620

Mike McGrath
County Attorney
L & C County Courthouse
Helena, MT 59601

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy