CHIEF JUSTICE TURNAGE
delivered the Opinion of the Court.
Charles A. Graveley pled guilty to the offense of solicitation to commit deliberate homicide, in violation of §§ 45-4-101 and 45-5-102, MCA, in the First Judicial District Court, Lewis and Clark County. Graveley appeals from the District Court’s sentence. We affirm.
We find the following issues dispositive on appeal:
1. Did the District Court err in issuing a written judgment which was inconsistent with its prior oral pronouncement of sentence?
2. Did the District Court err in not applying the exceptions to the mandatory minimum sentence?
Graveley was charged by information with solicitation to commit deliberate homicide in connection with his attempt to hire another *521 person to murder his former girlfriend. Pursuant to a plea agreement with the Lewis and Clark County Attorney, Graveley pled guilty to the charge. In signing the plea agreement, Graveley acknowledged that he could be sentenced to serve from ten years to one hundred years in prison.
At the sentencing hearing, Graveley presented evidence which he argued supported imposition of less than the mandatory minimum sentence often years. Pursuant to § 46-18-222, MCA(1993), Graveley argued that exceptions exist by which the District Court should have sentenced him to less than the mandatory minimum sentence. Section 46-18-222, MCA (1993), reads, in part:
All mandatory minimum sentences prescribed by the laws of this state and the restrictions on deferred imposition and suspended execution of sentence prescribed by 46-18-201(4) through (6), 46-18-221(3), 46-18-224, and 46-18-502(3) do not apply if:
(2) the defendant’s mental capacity, at the time of the commission of the offense for which the defendant is to be sentenced, was significantly impaired, although not so impaired as to constitute a defense to the prosecution. However, a voluntarily induced intoxicated or drugged condition may not be considered an impairment for the purposes of this section.
(5) in a case in which the threat of bodily injury or actual infliction of bodily injury is an actual element of the crime, no serious bodily injury was inflicted on the victim unless a weapon was used in the commission of the offense ....
Graveley argues that he satisfied the above elements of § 46-18-222, MCA (1993), and was therefore eligible for a more lenient sentence. The District Court found no grounds to apply the exception to the mandatory minimum sentence and sentenced Graveley to the custody of the Montana Department of Corrections and Human Services for forty years. Graveley appeals his sentence.
District courts have broad discretion in sentencing criminal defendants. It is not the role of this Court to review sentences for inequity; rather, this Court will only review a sentence to determine whether the district court abused its discretion. State v. DeSalvo (1995), 273 Mont. 343, 903 P.2d 202, 204.
*522 Issue 1
Did the District Court err in issuing a written judgment which was inconsistent with its prior oral pronouncement of sentence?
On December 20, 1994, the District Court held a sentencing hearing. At the close of the hearing, the court pronounced its sentence orally to defendant Graveley. In sentencing Graveley, the court stated:
I sentence you to a period of 40 years with the Department of Corrections, the first ten years of that sentence will be placed in a prison environment similar to that of the Montana State Prison. The Department of Corrections has the authority to then place you in a suitable environment.
On January 25, 1995, the court issued its written judgment and commitment, which stated:
[T]he defendant is committed to the Montana Department of Corrections and Human Services for a period of forty (40) years for placement that may include Montana State Prison or other suitable corrections placement. ...
It is the recommendation of this Court that defendant Graveley serve a portion of this sentence in a prison environment. The Montana Department of Corrections and Human Services may allow additional good time if it deems appropriate for parole eligibility.
Graveley’s primary argument is that the court did not include in its written judgment and commitment the provision that he must serve at least ten years of the forty-year sentence in a prison environment. While Graveley points to several other discrepancies between the oral and written sentences, these variances appear to be primarily a matter of semantics, and Graveley does not demonstrate how these minor differences prejudice him.
Graveley argues that the court’s oral sentence was in essence a ten-year sentence with an additional thirty years suspended. The written judgment, on the other hand, was for forty years, any lesser term of incarceration is subject to the discretion of the Department of Corrections.
Section 46-18-102, MCA (1993), provides that:
(1) The judgment shall be rendered in open court.
*523 (3)(a) If the verdict or finding is guilty, sentence shall be pronounced and judgment rendered within a reasonable time.
(b) When the sentence is pronounced, the judge shall clearly state for the record his reasons for imposing the sentence.
Pursuant to this section, the District Court pronounced Graveley’s sentence in open court on December 20, 1994, and issued its written judgment on January 25, 1995. However, the sentence provided for in the judgment varied from the sentence pronounced in open court.
Section 46-18-117, MCA (1993), states:
The court may correct an erroneous sentence or disposition at any time and may correct a sentence imposed in an illegal manner within 120 days after the sentence is imposed or after remand from an appellate court.
In the present case, the District Court did not propose in its written judgment that the sentence pronounced in open court was either illegal or erroneous. Absent a finding that a sentence is either erroneous or illegal, a district court may not alter a sentence. In State v. Fertterer (1993), 260 Mont. 397, 860 P.2d 151, we determined that
[o]nce a valid sentence has been pronounced, the court imposing that sentence has no jurisdiction to modify it, except as provided by statute. [Citations omitted.] The only statutory authority allowing a court to modify a sentence is provided at § 46-18-117, MCA
Fertterer, 860 P.2d at 154.
In this case, however, Graveley was not prejudiced by the court’s written judgment varying from its orally pronounced sentence. A review of the court’s oral pronouncement indicates that the oral sentence was for forty years, with at least ten to be served in a prison environment. The dissent is in error in concluding that Graveley could not have been held in prison for more than ten years pursuant to the oral pronouncement of sentence. While the court may have anticipated that the Department of Corrections would parole Graveley after ten years, any parole or participation in a supervised release program was left solely in the discretion of the Department. A clear reading of the oral pronouncement reveals that it constituted a forty-year sentence, of which Graveley was to spend at least ten years in a prison environment.
The written judgment and commitment was also a forty-year sentence. However, the written judgment did not include the mandate that Graveley serve at least ten years in a prison environment. As *524 such, under the written judgment, Graveley is eligible for parole or participation in a supervised release program prior to serving ten years in prison. The Department of Corrections has the discretion to parole Graveley before he serves the ten years mandated in the oral pronouncement.
This Court has long held that we will disregard any error, defect or irregularity in the proceedings which does not affect the substantial rights of the defendant. Section 46-20-701(2), MCA, (1993); State v. Wing (1994), 264 Mont. 215, 870 P.2d 1368. In this case, while the court incorrectly varied its written judgment from its oral pronouncement of sentence, the error was harmless in that the latter sentence was in fact more lenient than the former.
We conclude that while the District Court should not have altered the written judgment from its oral pronouncement of sentence, the variance in this case was harmless error.
Issue 2
Did the District Court err in not applying the exceptions to the mandatory minimum sentence?
Graveley argues that the court should have considered the exceptions to the mandatory minimum sentence. Section 46-18-222, MCA (1993), provides that a district court may sentence a criminal defendant to less than the statutory mandatory minimum sentence under certain circumstances. Graveley maintains that extenuating circumstances exist in his case which warrant the application of § 46-18-222, MCA. He argues that § 46-18-222(2) and (5), MCA, apply to the facts of this case. These subsections provide exceptions to the mandatory minimum sentence when the defendant’s mental capacity is significantly impaired or when the victim of the crime did not suffer actual bodily injury. However, we need not address the merits of Graveley’s argument because the exceptions found in § 46-18-222, MCA, apply only when the district court gives the statutory minimum sentence.
In State v. Nichols (1986), 222 Mont. 71, 720 P.2d 1157, the defendant argued that he met the exceptions set forth in § 46-18-222, MCA, and the court therefore erred in not applying this section. We held, however, that
[s]ection 46-18-222, MCA, does not apply in this case. Judge Davis did not pronounce a minimum sentence. Section 46-18-222, MCA, does not apply in cases where the maximum sentence is imposed. A careful reading of the statute and this Court’s holding in State *525 v. Stroud (1984), [210 Mont. 58], 683 P.2d 459, 469, 41 St.Rep. 919, 931, indicates that the purpose of the statute is to allow a judge who would otherwise have to pronounce the minimum sentence, to sentence a defendant to less than the minimum sentence when the exceptions apply to the facts.
Nichols, 720 P.2d at 1164. A review of the District Court’s oral pronouncement and written judgment indicates that the court was not predisposed to sentence Graveley to the ten-year statutory minimum. Contrary to Graveley’s argument, the court’s oral pronouncement did not amount to a ten-year sentence with thirty years suspended. Rather, the court sentenced Graveley to
a period of 40 years with the Department of Corrections, the first ten years of that sentence will be placed in a prison environment similar to that of the Montana State Prison. The Department of Corrections has the authority to then place you in a suitable environment.
The written judgment reiterated that this was to be a forty year sentence, without the mandate that Graveley serve at least ten of these years in a prison environment.
We conclude that the District Court did not sentence Graveley to the mandatory minimum sentence, and, therefore, the exceptions to the mandatory minimum sentence do not apply to this case. We hold that the court did not abuse its discretion in sentencing Graveley. We affirm the decision of the District Court.
JUSTICES ERDMANN, NELSON and TRIEWEILER concur.