No. 96-496

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997


STATE OF MONTANA,

Plaintiff and Respondent,

v.

BRIAN SCOTT WEIGLE,

Defendant and Appellant.


APPEAL FROM:   District Court of the Twenty-First Judicial District,
In and for the County of Ravalli,
The Honorable Jeffrey H. Langton, Judge presiding.


COUNSEL OF RECORD:

For Appellant:

Julio K. Morales, Morales Law Office, Missoula, Montana

For Respondent:

Joseph P. Mazurek, Attorney General, Jennifer Anders, Assistant Attorney
General, Helena, Montana; George H. Corn, Ravalli County Attorney,
Hamilton, Montana


Submitted on Briefs: May 8, 1997

Decided:   November 6, 1997
Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.


Brian Scott Weigle (Weigle) entered a plea of guilty in the District Court for the Twenty-First Judicial District, Ravalli County, on two counts of negligent homicide.  He was sentenced to ten years at Montana State Prison on each count with the sentences to run consecutively.  Weigle appeals the District Court's denial of his motion to dismiss one of the negligent homicide counts or, in the alternative, to order concurrent rather than consecutive sentences.  We affirm.

We address the following issue on appeal:

Did the District Court violate the prohibition against multiple punishments when it imposed separate sentences upon Weigle's conviction for two counts of negligent homicide and ordered that the sentences run consecutively?

Factual and Procedural Background

On May 18, 1995, at approximately 8 p.m., Weigle's pickup truck collided head on with a passenger car carrying John and Harold Yerian.  Weigle was alleged to have been traveling in the wrong lane of traffic at excessive speeds while under the influence of alcohol.  The Yerians died as a result of the collision.

Weigle was charged with two counts of deliberate homicide pursuant to õ 45-5-102, MCA, and, in the alternative, two counts of negligent homicide pursuant to õ 45-5-104, MCA.  He was also charged with one count of driving under the influence of alcohol pursuant to õ 61-8-401(a), MCA.  Weigle entered not guilty pleas to all of these charges.  The two counts of deliberate homicide were subsequently dismissed.

On January 11, 1996, Weigle moved the District Court, in the alternative, to dismiss one count of negligent homicide, deem the two negligent homicide counts to be alternative counts, or, if he is convicted on both of the negligent homicide counts, order his sentences to run concurrently.  In an order filed March 5, 1996, the District Court denied Weigle's motion.

Thereafter, Weigle filed a motion for change of plea.  On May 1, 1996, the District Court granted his request and allowed Weigle to plead guilty to the charges in the form of an Alford plea.  Weigle was sentenced on June 5, 1996, to ten years on each of the negligent  homicide counts.  The court ordered that the sentences run consecutively and that the last five years of the sentence be suspended.  The court also ordered that Weigle not be eligible for parole until he has served a minimum of seven years at

Montana State Prison. Weigle was also sentenced to serve six months in the Ravalli County jail on the DUI offense. This latter sentence, which was ordered to run consecutive to the other sentences, was suspended.

Discussion

Did the District Court violate the prohibition against multiple punishments when it imposed separate sentences upon Weigle's conviction for two counts of negligent homicide and ordered that the sentences run consecutively?

District courts have broad discretion in sentencing criminal defendants and we review sentences only to determine whether the court abused its discretion. State v. Zabawa (1996), 279 Mont. 307, 316, 928 P.2d 151, 157 (citing State v. Graveley (1996), 275 Mont. 519, 521, 915 P.2d 184, 186; State v. DeSalvo (1995), 273 Mont. 343, 346, 903 P.2d 202, 204).

Weigle contends that the District Court's imposition of consecutive sentences violated the constitutional prohibition against double jeopardy because his convictions for negligent homicide arose out of a single act, i.e., running head-on into an oncoming vehicle. He contends that the District Court's only option in this case was to impose concurrent sentences.

In Zabawa, we stated that the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, which is applicable to the states through the Fourteenth Amendment, generally protects against multiple punishments for the same offense as well as multiple prosecutions for the same offense. Zabawa, 928 P.2d at 154 (citing State v. Nelson (1996), 275 Mont. 86, 90, 910 P.2d 247, 250). The Montana Code Annotated defines an "offense" as "a violation of any penal statute of this state or any ordinance of its political subdivisions." Section 46-1-202(14), MCA.

Weigle twice violated õ 45-5-104, MCA, which provides in pertinent part: "[a] person commits the offense of negligent homicide if he negligently causes the death of another human being." There is no question that, since two people were killed in the collision, two distinct offenses were committed. "When the same transaction may establish the commission of more than one offense, a person charged with the conduct may be prosecuted for each offense." Section 46-11-410(1), MCA.

Weigle asserts that double jeopardy prohibits cumulative punishments unless they are clearly intended by the legislature and that the Montana Legislature has not authorized consecutive sentences for negligent homicides arising out of one single act. Weigle contends that the policy of lenity requires that this ambiguity be resolved in his favor.

In Blockburger v. United States (1932), 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306, the United States Supreme Court held:

A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from

prosecution and punishment under the other.

Blockburger, 284 U.S. at 304, 52 S.Ct. at 182, 76 L.Ed. at 309.  In the case before us, although each count of negligent homicide alleged a violation of the same statute by the same act, each count required proof of an additional fact that the other count did not, namely, the death of the particular victim.  Here, the same act clearly constitutes two distinct offenses:  (1) negligently causing the death of John Yerian and (2) negligently causing the death of Harold Yerian.

Furthermore, Montana law not only authorizes consecutive sentences for multiple offenses, but presumptively requires them.  "Separate sentences for two or more offenses must run consecutively unless the court otherwise orders."  Section 46-18-401(4), MCA.

Accordingly, we hold that the District Court did not err in imposing consecutive sentences upon Weigle's conviction for two counts of negligent homicide.

Affirmed.

/S/   JAMES C. NELSON

We Concur:

/S/  J. A.  TURNAGE
/S/  KARLA M. GRAY
/S/  WILLIAM E. HUNT, SR.
/S/  TERRY N. TRIEWEILER