No. 02-293

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 209N

KEITH A. BROWN,

      Petitioner and Appellant,

    v.

STATE OF MONTANA,

      Respondent and Respondent.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Mark L. Guenther, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Keith A. Brown (pro se), Shelby, Montana

      For Respondent:

          Hon. Mike McGrath, Attorney General; Jennifer Anders,
Assistant Attorney General, Helena, Montana

          Marty Lambert, Gallatin County Attorney; Gary Balaz, Deputy County
Attorney, Bozeman, Montana

Submitted on Briefs:  August 22, 2002

Decided:    September 17, 2002

Filed:

_____
Clerk

Justice Jim Regnier delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Keith A. Brown, appearing *pro se*, appeals from the March 6, 2002, Order entered by the Montana Eighteenth Judicial District Court, Gallatin County, denying his motion to amend sentence, or in the alternative, petition for habeas corpus or petition for postconviction relief. We affirm.

¶3 The following issue is presented on appeal:

¶4 Did the District Court err in denying Brown's motion to amend sentence, or in the alternative, petition for habeas corpus or petition for postconviction relief?

BACKGROUND

¶5 On May 11, 1998, Brown was charged with the offense of criminal possession of dangerous drugs in violation of § 45-9-102, MCA, committed on or about November 6, 1997. Brown was later charged on December 8, 1999, with the offense of forgery as part of a common scheme in violation of § 45-6-325, MCA, committed on or about August 14, 1998, through December 2, 1998.

¶6 On December 9, 1999, Brown pled guilty to the charge of criminal possession of dangerous drugs. On April 13, 2000, Brown

2

pled guilty to the charge of forgery. Thereafter, the court conducted a sentencing hearing on April 20, 2000. On April 26, 2000, the court entered a Sentence and Judgment sentencing Brown to ten years at the Montana State Prison, with five years suspended, for the offense of forgery, and to five years for the offense of criminal possession of dangerous drugs. The court ordered that the sentences run concurrently. Brown did not appeal from the court's sentence or apply for sentence review.

¶7    On January 7, 2002, Brown filed a motion to amend sentence, or in the alternative, petition for habeas corpus or petition for postconviction relief. Therein, Brown requested that he be placed in the custody of the Montana Department of Corrections instead of the Montana State Prison and that more of his sentence be suspended. On March 6, 2002, the District Court entered an Order denying Brown's motion. The court concluded that: 1) it is without jurisdiction to amend Brown's sentence; 2) habeas relief is not available since Brown did not allege his incarceration was illegal pursuant to § 46-22-201, MCA; and 3) postconviction relief is barred by the statute of limitations pursuant to § 46-21-102, MCA. Brown appeals.

## STANDARD OF REVIEW

¶8    We review a district court's conclusions of law to determine whether they are correct. *See State v. Redcrow*, 1999 MT 95, ¶ 23, 294 Mont. 252, ¶ 23, 980 P.2d 622, ¶ 23 (citation omitted).

## DISCUSSION

¶9    Did the District Court err in denying Brown's motion to amend sentence, or in the alternative, petition for habeas corpus or petition for postconviction relief?

¶10   Brown requests that his sentence for the offense of criminal possession of dangerous drugs be amended to five years at the Department of Corrections, with two years suspended.  He requests that his sentence for the offense of forgery be amended to ten years at the Department of Corrections, with seven years suspended.  He claims that his sentence should be amended so that he may obtain medical treatment and seek employment to pay restitution.

¶11   In response, the State asserts that there is no provision in the law for a defendant legally sentenced to request that his sentence be amended by the District Court two years after entry of the sentence.  The State therefore maintains the court properly denied Brown's motion.  We agree.

¶12   We have held that once a valid sentence has been pronounced, the court imposing that sentence has no jurisdiction to modify it, except as provided by statute.  *See State v. Fertterer* (1993), 260 Mont. 397, 400-01, 860 P.2d 151, 154 (citations omitted).  Section 46-18-116(3), MCA, provides that a court may correct a factually erroneous sentence or judgment at any time.  However, an illegal sentence must be addressed in the manner provided by law for appeal and postconviction relief.  Accordingly, we conclude that the District Court did not have statutory authority to amend Brown's sentence, as the sentence was not factually erroneous.  Therefore,

4

we conclude that the District Court properly denied Brown's motion to amend his sentence.

¶13 We additionally conclude that the District Court properly denied Brown's petition for habeas corpus. Section 46-22-101, MCA, states that a person imprisoned must be illegally detained to receive habeas relief. Since Brown does not allege he is illegally detained, his petition for habeas corpus was properly denied.

¶14 We further conclude that the District Court properly denied Brown's petition for postconviction relief. Section 46-21-102(1), MCA, provides that a petition for postconviction relief must be filed within one year of the date the conviction becomes final. A conviction becomes final when the time for appeal to the Montana Supreme Court expires. Section 46-21-102(1)(a), MCA. Here, Brown's conviction became final on June 26, 2000. Brown filed his motion on January 7, 2002, more than one year after his conviction became final. Consequently, we conclude that Brown's petition for postconviction relief is time-barred by § 46-21-102, MCA. Therefore, we hold that the District Court did not err in denying Brown's motion to amend sentence, or in the alternative, petition for habeas corpus or petition for postconviction relief.

¶15 Affirmed.

/S/ JIM REGNIER


We Concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART

/S/ PATRICIA COTTER