FILED

05/04/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0065

DA 19-0065

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2021 MT 108N

STATE OF MONTANA,

      Plaintiff and Appellee,

    v.

VINCENT SCOTT PARKER,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. ADC 17-598
Honorable Gregory G. Pinski, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Chad Wright, Appellate Defender, Moses Okeyo, Assistant Appellate
Defender, Helena, Montana

      For Appellee:

          Austin Knudsen, Montana Attorney General, Brad Fjeldheim, Assistant
Attorney General, Helena, Montana

          Joshua A. Racki, Cascade County Attorney, Amanda L. Lofkin, Deputy
County Attorney, Great Falls, Montana

          Submitted on Briefs:  September 30, 2020

                        Decided:  May 4, 2021

Filed:

          _____
                       Clerk

Justice Dirk Sandefur delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, we decide this case by memorandum opinion. It shall not be cited and does not serve as precedent. Its case title, cause number, and disposition will be included in our quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Vincent Parker (Parker) appeals his November 2018 judgment of conviction and sentence in the Montana Eighth Judicial District Court, Cascade County, on the offense of partner or family member assault (PFMA), a felony. We affirm.

¶3 On October 6, 2017, the State charged Parker by Information with PFMA, fourth or subsequent offense, a felony. On August 1, 2018, the parties executed a non-binding plea agreement[1] providing for him to plead guilty as charged in return for a State sentencing recommendation for a five-year term of commitment to the Montana Department of Corrections (DOC), all suspended. *Inter alia*, the agreement included an express condition requiring Parker to "COOPERAT[E] WITH [DOC] ADULT PROBATION AND PAROLE IN THE PREPARATION OF THE PRE-SENTENCE INVESTIGATIVE REPORT PROCESS." (Original case.) It further provided that, in the event he did not comply with any term of the agreement, "THE STATE MAY MAKE ANY SENTENCING RECOMMENDATION ALLOWED BY LAW." (Original case.)

---

[1] *See* § 46-12-211(1)(c) and (2), MCA (substance and effect of non-binding plea agreements).

¶4      Following a comprehensive colloquy at the change of plea hearing on August 29,

2018, Parker pled guilty as charged pursuant to the plea agreement.  Prior to changing his

plea, Parker acknowledged the discretion of the court to deviate from the agreed but non-

binding State sentencing recommendation.  He further acknowledged his understanding of

his various trial rights, the waiver effect of a guilty plea, and all terms and conditions of

the plea agreement, *inter alia*.  Upon accepting the change of plea, the District Court

ordered him to immediately report to the local DOC office to arrange for his participation

in the presentence investigation (PSI) process.[2]  The court subsequently set sentencing for

October 10, 2018.

¶5      However, on October 9, 2018, DOC filed a formal notice stating that it had:

> been unable to make contact with [Parker], or [he] is otherwise noncompliant
> with the pre-sentence investigation.  Our office cannot proceed with the
> investigation within the required timeframe until [Parker] is brought back
> into compliance and participates in the process.

Based on the DOC notice, the State filed a verified motion for revocation of Parker's

release on bail.  On the State's motion and without response or hearing, the District Court

revoked Parker's release, issued a warrant for his arrest, and vacated the previously

scheduled sentencing hearing.  At his subsequent initial appearance following arrest on the

warrant, the court released Parker on his own recognizance and ordered him to report to

---

[2] *See* § 46-18-111, MCA (presentence investigation requirement and process).

the DOC "and complete the PSI process," no later than 5:00 p.m. the next day. Parker thereafter complied without further incident.

¶6     At sentencing on November 19, 2018, the State declared its intent to deviate from its previously agreed sentencing recommendation on the asserted ground that Parker violated the express condition of the plea agreement requiring him to cooperate with DOC in the PSI process. On various cited grounds, the State then recommended a five-year DOC commitment, with no time suspended. Parker objected and moved for enforcement of the plea agreement on the stated grounds that there had been no hearing or adjudication that he violated the plea agreement, and that it was defense counsel's "understanding [that] he filled out the [DOC] paperwork" and was "waiting for a contact" from DOC to proceed with the process. Parker did not, however, offer any supporting testimony to substantiate counsel's understanding. Nor did he request a separate evidentiary hearing for that purpose, or move to withdraw his plea.

¶7     Noting that the parties' dispute regarding the alleged breach of the plea agreement was immaterial due to the non-binding nature of the agreement, the District Court indicated that it was not inclined to follow either recommendation of the State in any event. The court instead independently reasoned that some "period of incarceration" was necessary because this was Parker's fourth felony conviction, the plea agreement called for a "lighter sentence" than he "received on his third felony," the record indicated that he needed intensive inpatient drug treatment, he had multiple prior community placement failures, and this was the "third time that [Parker] ha[d] victimized this victim and her family."

4

Without reference to the alleged breach of the plea agreement, the court further expressly noted that it did "not consider[] or base[] its sentence on the alleged bail violations, or violations of the [c]ourt's change of plea order." The court accordingly sentenced Parker to a five-year DOC commitment, with two years suspended.[3]

¶8      Except as otherwise provided by statute, plea agreements are contracts governed by generally applicable contract law. *State v. Keys*, 1999 MT 10, ¶ 18, 293 Mont. 81, 973 P.2d 812. Because plea agreements effect a waiver of fundamental constitutional rights, the attendant federal and state constitutional due process rights to fundamental fairness at a minimum require strict enforcement of plea agreements against the State in accordance with generally applicable contract law. *See State v. Rardon*, 1999 MT 220, ¶ 17-18, 296 Mont. 19, 986 P.2d 424, *partially overruled on other grounds by State v. Munoz*, 2001 MT 85, ¶ 38, 305 Mont. 139, 23 P.3d 922; *State v. Allen* (*Allen I*), 197 Mont. 204, 209, 645 P.2d 380, 382 (1981); *Santobello v. New York*, 404 U.S. 257, 262-63, 92 S. Ct. 495, 499 (1971) (requiring safeguards to ensure fundamental fairness of plea bargaining).[4] However, sentencing courts are not parties to plea agreements and are thus not bound by

---

[3] The sentence further granted Parker credit for time-served presentence, imposed various statutory fees and costs, and imposed various probation conditions applicable to the probationary phase of the sentence.

[4] While strict compliance with applicable contract law is an important safeguard, the overriding consideration in the plea-bargaining context is the fundamental fairness of the proceeding. *See State v. Warner*, 2015 MT 230, ¶ 14, 380 Mont. 273, 354 P.3d 620 (citing *Munoz*, ¶ 13 n.1); *State v. Allen* (*Allen II*) 685 P.2d 333 (Mont. 1982); *Santobello*, 404 U.S. at 262-63, 92 S. Ct. at 499. *But see Munoz*, ¶¶ 14-15 (noting *Allen II* and *Santobello* resemblance or analogy to equitable quasi-contract principles).

them, particularly in the case of agreements under § 46-12-211(1)(c), MCA, for a particular sentencing recommendation. *See* § 46-12-211(1)(c) and (2), MCA. Within applicable statutory parameters, district courts have broad discretion in crafting an appropriate sentence in a criminal case. *State v. Weigle*, 285 Mont. 341, 343, 947 P.2d 1053, 1055 (1997) (internal citations omitted), *overruled on other grounds by State v. Herman*, 2008 MT 187, ¶ 12 n.1, 343 Mont. 494, 188 P.3d 978. For sentences subject to statutory sentence review, we generally review sentences only for legality and conformance to statutory parameters. *Herman*, ¶ 11.

¶9 As a threshold matter, Parker does not dispute that the sentence imposed is a legal sentence and conforms to applicable statutory parameters. He asserts, *inter alia*, that the District Court erroneously concluded that he breached the plea agreement without a hearing, and then erroneously sentenced him in deviation from the agreement without affording him the benefit of the bargained-for State recommendation for a straight suspended sentence. He asserts that the State breached the plea agreement, and, as below, seeks strict performance of the agreement.

¶10 A material breach of a contract affords the non-breaching party the option of either rescinding the contract without requirement for reciprocal performance, or enforcing the contract by its terms at law or in equity. *Davidson v. Barstad*, 2019 MT 48, ¶ 22, 395 Mont. 1, 435 P.3d 640. In a criminal case, upon a material breach of a plea agreement by the State, and absent a showing that the elected remedy would result in a fundamental miscarriage of justice, the defendant has a choice of remedies—specific performance of

6

the agreement or rescission and withdrawal of their guilty plea. *Munoz*, ¶ 38. A defendant's material breach of a non-binding plea agreement conversely relieves the State of its reciprocal contractual duty to make the agreed sentencing recommendation, but does not afford the defendant the right to withdraw his or her guilty plea. Whether a party materially breached a contract duty is generally a question of fact. *Sjoberg v. Kravik*, 233 Mont. 33, 38, 759 P.2d 966, 969 (1988) (citing E. Farnsworth, Contracts, § 8.16 (1982)).

¶11 Here, contrary to Parker's assertion, the District Court made no finding one way or the other as to whether *either* party breached the plea agreement. As one of the multiple considerations in support of the sentence independently imposed, the court merely noted, in regard to Parker's prior inability to conform to rules of community supervision, that he did not initially comply with the court's order at the change of plea hearing to immediately report to DOC to complete the PSI process. Even if, *arguendo*, we were to accept the assertion that the State materially breached the plea agreement, Parker did not and does not seek rescission and withdrawal of his guilty plea as the remedy for the alleged breach. He merely seeks specific performance of the State's contractual duty to recommend a straight suspended sentence.

¶12 The record clearly manifests that, regardless of any State recommendation, the District Court, in its broad discretion, was not inclined to sentence Parker to straight probation under the totality of the noted circumstances. The record clearly indicates that the court thus saw no need or cause to take evidence, and make a related finding of fact, *sua sponte* as to whether Parker indeed breached the plea agreement as alleged. Nor did

7

Parker offer any testimony or other evidence, or request a separate evidentiary hearing, to dispute the alleged breach in any event. Under these circumstances, Parker has demonstrated no reasonable likelihood that strict performance of the plea agreement, *i.e.* holding the State to the originally agreed sentencing recommendation, would have altered the independent inclination of the court in its discretion to impose some period of incarceration regardless of the plea agreement recommendation. We hold that the District Court did not erroneously fail to specifically enforce the plea agreement against the State, nor has Parker demonstrated that he was otherwise subjected to a fundamentally unfair sentencing process in violation of his federal and state constitutional rights to due process of law.

¶13 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, we decide this case by memorandum opinion. It shall not be cited and does not serve as precedent. The case title, cause number, and disposition will be included in our quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports. Affirmed.

/S/ DIRK M. SANDEFUR

We concur:

/S/ INGRID GUSTAFSON
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ LAURIE McKINNON