No. 83-354

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

---

STATE OF MONTANA,

        Plaintiff and Respondent,

-vs-

DOUGLAS TRIMMER,

        Defendant and Appellant.

---

APPEAL FROM:  District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable Joel G. Roth, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Conner, Baiz & Olson; Kenneth R. Olson argued, Great
        Falls, Montana

    For Respondent:

        Hon. Mike Greely, Attorney General, Helena, Montana
        Jim McLean argued, Asst. Atty. General, Helena
        J. Fred Bourdeau, County Attorney, Great Falls,
        Montana;  Jerry Guenther, Deputy County Atty.,
        Great Falls, Montana

---

        Submitted:    July 26, 1984

        Decided:    January 4, 1985

Filed: JAN 4 - 1985

_Ethel M. Harrison_
---
Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

Defendant, Douglas Trimmer appeals from a sentence imposed by the Cascade County District Court for a conviction of misdemeanor assault. The trial court sentenced defendant to the maximum 6 months in jail and $500 fine based on the penalty provided for misdemeanor assault (§ 45-5-201, MCA). The court then invoked the sentence enhancement statute, § 46-18-221, MCA, held that its application was mandatory because defendant committed the negligent assault with a weapon, and sentenced defendant to the minimum permitted, two years in prison. Based on the provisions of the enhancement statute, the 2-year sentence in prison was ordered served consecutively to the 6-month jail sentence. Although defendant raises several issues, one of them is dispositive. We hold the sentence enhancement statute applies only to felonies and the trial court erred in applying it to defendant's conviction for misdemeanor assault. We vacate the sentence and remand for resentencing.

The State charged defendant with felony assault under § 45-5-201, MCA, a charge that he purposely or knowingly wounded several people with a rifle. The jury, however, was instructed on both felony aggravated assault and the lesser included misdemeanor offense of assault--a charge that defendant negligently assaulted several people with a weapon. See § 45-5-201, MCA. The jury expressly acquitted defendant of felony assault but did convict defendant of misdemeanor assault. The maximum permissible penalty for misdemeanor assault is 6 months in jail and a $500 fine (§ 45-5-201(2), MCA).

At the sentencing hearing the court imposed the maximum 6-month jail term and $500 fine on defendant, but went a step further and told defendant that the court must also apply § 46-18-221, MCA, the sentence enhancement statute. This enhancement statute, in certain circumstances where a crime has been committed with a weapon, mandates an additional minimum 2-year prison sentence and a maximum 10-year prison sentence. Defendant protested that the sentence enhancement statute did not apply to misdemeanor convictions, and raised other objections, but each objection was overruled. The trial court then sentenced defendant to a minimum 2-year prison sentence at the state prison. Because the enhancement statute requires the sentences to be served consecutively to the sentence imposed for the underlying crime, the trial court ordered that the 2-year prison sentence be served consecutively to the 6-month jail sentence. Defendant is out on bond pending this appeal.

Defendant asserts both statutory and constitutional grounds in arguing the additional sentence imposed was improper. Defendant first contends that the sentence enhancement statute applies only to felonies and therefore could not be applied to his conviction of misdemeanor assault. Assuming the statute does apply, however, defendant attacks the sentence on several constitutional grounds. He argues that as applied to his misdemeanor conviction, the sentence constitutes cruel and unusual punishment in violation of both the United States and Montana Constitutions. Defendant also contends the sentence violates Art. II, § 22 of the Montana Constitution because it constitutes excessive punishment. Defendant further argues that the statute, as applied to misdemeanors, is overbroad and vague, and denies him due

process of law and equal protection of the law because it contains no provision for notifying a defendant the statute will be applied to misdemeanors. Finally, defendant argues the sentence was imposed in violation of the correctional policy of Article II, § 22, 1972 Montana Constitution, and of § 46-18-101, MCA, which attempts to set forth a statutory policy consistent with the Constitution.

In vacating the sentence we decide only the issue of whether the sentence enhancement statute (§ 46-18-221) applies to misdemeanors. Defendant argues that the statute on its face can be construed to apply to misdemeanors because of the language "any offense," but that the legislature did not intend it to be so applied. The State, on the other hand, argues that the language "any offense," clearly indicates that the statute applies to misdemeanors, and further, that if this Court gets to the issue of construing the statute by referring to the legislative proceedings, those proceedings establish an intent that misdemeanors also are covered by the enhancement statute. Although we agree with the defendant that the legislative proceedings establish an intent by the legislature to apply the enhancement statute only to felonies, we conclude that the statute, on its face, applies only to felonies. All that is required to reach this conclusion is to read the statute in its entirety.

Although the facts leading to the jury verdict do not bear on our decision on these questions of law, a short recitation of the facts helps to place the jury verdict in focus.

On July 11, 1982, defendant and a friend went to an "after hours" kegger party at a house in Great Falls. Shortly after their arrival, a fight broke out between Robert

Lingafelter and some of the partygoers. Defendant was not involved in this scuffle. Defendant came out of the house and he saw Lingafelter lying on the lawn across the street. Defendant went to Lingafelter, helped him up, and told him to go home. Lingafelter did go home, but only to return shortly with a high-powered rifle.

Defendant was inside the house when he heard a shot Lingafelter had fired into the air. Mass confusion followed and defendant went outside and saw Lingafelter with the rifle. Another partygoer, Daniel Johns, convinced Lingafelter to put the rifle down, and when he did so defendant grabbed it and began unloading it. Defendant got one live shell out and then the rifle jammed. Defendant dischambered a second live shell, despite attempts by Johns to grab the rifle. The defendant ran down a nearby alley with the rifle and began toying with it by raising it to his shoulder and watching through the scope the events at the house, some 20-30 yards away. Defendant testified that although he did not remember pulling the trigger, the rifle suddenly fired. Three people standing in the yard were seriously wounded. Fortunately, no one was killed.

Essentially based on these events, defendant was charged with felony aggravated assault and the jury acquitted him of this charge, although the jury convicted defendant of negligently committing an assault upon the three wounded persons "with a weapon."

Defendant seems to argue that on its face the sentence enhancement statute does apply to misdemeanors because of the language -- "any offense." But defendant contends that the legislative history of the statute shows it was not intended to apply to misdemeanors, and that to do so would reach the

absurd result of effectively converting a misdemeanor conviction into a felony conviction by imposing a sentence that falls within the parameters of a felony sentence. The State contends, on the other hand, that the character of an offense as a felony or as a misdemeanor is fixed only at the time of sentencing when the judge imposes the sentence and, therefore, that the legislature must have intended the enhancement statute to cover misdemeanors as well as felonies. For this outrageous assertion, the State inappropriately relies on State v. Maldonado (1978), 176 Mont. 322, 578 P.2d 296, a case that in no way supports a conclusion that offenses in Montana are unclassified until the time of sentencing.

The State, with Maldonado as its first premise, then agrees that the statutory language -- "any offense" -- can only lead to the conclusion that the statute also applies to misdemeanors. With this so-called clear language as its premise the State then argues that this Court must adhere to the plain meaning of the statute and cannot insert what has been omitted or omit what has been inserted. We agree with the State that the meaning of the statute is plain on its face, but the clarity we see is not the clarity the State sees. We reach our decision based on a reading of the entire statute rather than simply relying on the language "any offense."

The sentence enhancement statute, § 46-18-221, MCA, provides in part:

> "Additional sentence for offenses committed with a dangerous weapon. (1) A person who has been found guilty of <u>any offense</u> and who, while engaged in the commission of the offense, knowingly displayed, brandished, or otherwise used a firearm, destructive device, as defined in 45-8-332(1), or other dangerous weapon shall, <u>in addition to the punishment for the commission of such offense, be sentenced to</u> a term of imprisonment in <u>the state</u>

- 6 -

> prison of <u>not less than</u> 2 <u>years or more than</u> 10 <u>years</u>, except as provided in 46-18-222." (Emphasis added.)

The State pulls the language in the statute--"any offense"--totally out of context, and then proceeds to argue the statute must apply to misdemeanors as well as to felonies. But the State ignores the remaining language of the statute, which, when read in context, shows to any reasonable mind, the statute applies only to felonies.

It has long been a rule of statutory construction that a literal application of a statute which would lead to absurd results should be avoided whenever any reasonable explanation can be given consistent with the legislative purpose of the statute. U.S. v. Ryan (1931), 284 U.S. 167, 52 S.Ct. 65, 76 L.Ed. 224; Billings Properties, Inc. v. Yellowstone County (1964), 144 Mont. 25, 394 P.2d 182. If this Court were faced only with the language relied on by the State--"any offense"--we could simply rely on this universal rule to show the State's interpretation would lead to absurd results. But here it is also clear an interpretation of the statute as a whole leads to the inescapable conclusion that the legislature intended the statute to apply to felony convictions only.

We discuss first our reading of the statute. The enhancement statute imposes a sentence "<u>in addition to</u>" the punishment which could be imposed by a violation of the statute involved. This language--"in addition to"--tells us the sentence must be tacked on to whatever sentence is imposed for the conviction. Clearly, therefore, the enhancement statute does not convert a misdemeanor conviction into a felony conviction because the enhancement statute imposes a sentence that must be served in the state prison. And the

language of the statute requiring that the additional sentence (a minimum of two years and a maximum of ten years) must be served in "state prison," tells us also the legislature must have intended that felonies only are subject to the enhancement statute. By statute (§ 45-2-101(36), MCA), a misdemeanor conviction can result only in imprisonment in a county jail. Therefore, a prison sentence for a misdemeanor conviction would be beyond the jurisdiction of the sentencing court. When placed in context, the language "in addition to," must clearly refer to an underlying felony conviction over which the District Court has jurisdiction to sentence a defendant to the state prison.

We have no difficulty, therefore, in holding the enhancement statute applies only to a situation in which the underlying conviction is for a felony.

And even assuming, based on the State's argument, the language "any offense" applies to both felonies and misdemeanors, this interpretation would lead to absurd results. To literally apply the statute to misdemeanors would in effect convert a misdemeanor conviction into a felony sentence. For example, here the jury expressly acquitted defendant of the felony aggravated assault charge. If the jury had convicted defendant, he could have been sentenced to a maximum of 20 years in prison (§ 45-5-202, MCA). However, the jury prevented a prison sentence by convicting defendant only of the misdemeanor, which carries with it a maximum 6-month jail sentence (§ 45-5-201(2), MCA, supra).

Although the jury is commonly instructed that it is not to be concerned with the penalty, it is not unreasonable for the jury to believe that when it acquitted defendant of the felony charge he would not still be sentenced to prison for a

- 8 -

misdemeanor because felony sentencing standards were applied. The application of the sentencing enhancement statute to this case was a gross usurpation of the jury function. The jury convicted defendant of a misdemeanor and the jury had every right to believe defendant would be sentenced for a misdemeanor only and that he would get no more than the maximum penalty for this misdemeanor assault conviction. When the jury convicted defendant of the misdemeanor assault charge only the misdemeanor penalties were available to the trial court as sentencing options. Those options contained in § 45-5-201(2), MCA, did not include that of sentencing defendant to a term beyond the maximum six months.

The State's argument also ignores the statutory jurisdictional scheme to which the enhancement statute must be applied. This statutory scheme does not permit a person convicted of a misdemeanor to be sent to prison, and this is true regardless of whether the misdemeanor conviction was in justice court or in district court.

Offenses are primarily classified as felonies and misdemeanors. A district court only has original jurisdiction to try felony cases (§ 3-5-302(a), MCA). A justice court has original jurisdiction over all misdemeanors (§ 3-10-303(1), MCA). However, a district court has concurrent jurisdiction over misdemeanors in two situations. First, § 3-5-302(2)(a) provides that a district court has jurisdiction over a misdemeanor offense if it is charged as part of the same transaction in which a felony is also charged. And second, § 3-5-302(c) provides that a district court has jurisdiction over a misdemeanor offense if it is classified as a lesser included offense of a charged felony.

A justice court has no jurisdiction to impose a prison sentence; rather, it has only the jurisdiction to impose a maximum 6-month jail sentence (§§ 3-10-303 and 46-2-202, MCA). The enhancement statute, on the other hand, provides for a minimum 2-year prison sentence up to a maximum 10-year prison sentence to be added to the sentence imposed for the underlying conviction. Clearly a justice court would have no jurisdiction to invoke this enhancement statute because its jurisdiction is limited to a maximum 6-month jail sentence. Therefore, a justice court conviction could never result in a valid application of the enhancement statute.

Nor could a district court ever apply the enhancement statute to a misdemeanor conviction. Assuming a conviction in district court for a misdemeanor charge, the district court nonetheless does not have expanded jurisdiction to sentence the convicted person to prison. Rather, the court's jurisdiction to sentence is limited to the maximum sentence that can be imposed for the particular misdemeanor conviction. For example, defendant here was convicted of misdemeanor assault under § 45-5-201(b), MCA, and (subsection (2)) of the statute authorizes a maximum 6-month jail sentence. In sentencing defendant, the district court would be limited to a sentence not to exceed the maximum provided by this statute--6 months in jail.

It is clear, therefore, that before a sentence could be imposed such as was imposed here, there would first have to be a massive legislative overhaul of the statutes creating and defining jurisdiction and creating and setting the sentencing limits for criminal violations.

Although it is unnecessary to rely on the legislative proceedings to reach our decision, we nonetheless agree with

the defendant that the legislative proceedings support a conclusion that the enhancement statute was intended to apply to felonies only. All of the legislative proceedings cited to us by the parties that relate to the enhancement statute contain not one reference that sentence enhancement would apply to misdemeanors as well as felonies. In fact, before the particular enhancement statute involved here was finally enacted, the legislature considered other versions, and not one of those versions indicated that the legislature even considered that misdemeanors were also to be swept up by the legislative desire to enhance sentences in certain circumstances.

We vacate the entire sentence and remand for resentencing. The 6-month jail sentence together with the $500 fine was within the permissible limits for the misdemeanor assault conviction, but we are unable to determine whether this maximum sentence was influenced by the misperceived duty of the trial court to also sentence defendant to a minimum 2-year sentence in the state prison by application of the enhanced sentence statute. We therefore vacate the entire sentence and remand for resentencing on the misdemeanor assault conviction.

Sentence vacated and remanded for resentencing.

_____
Justice

We Concur:

_____
Chief Justice

_____

- 11 -

_John Conway Harrison_

_John C. Shirley_

_Wesley Castles_

Justices

I specially concur in the result, but not with all that is said in the Opinion.

_L.C. Gulbrandson_

Justice

- 12 -