JUSTICE GRAY
delivered the Opinion of the Court.
Thomas Zabawa (Zabawa) appeals from the judgment and sentence entered by the Eighteenth Judicial District Court, Gallatin County, on his guilty plea to the offense of felony assault. We affirm.
Zabawa raises the following issues on appeal:
1. Did the District Court err in concluding that application of § 46-18-221, MCA, commonly referred to as the weapon enhancement statute, did not subject Zabawa to multiple punishments in violation of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution?
2. Did the District Court abuse its discretion in failing to apply the exceptions to the mandatory minimum sentence contained in § 46-18-222, MCA?
The State of Montana (State) charged Zabawa with felony assault, in violation of § 45-5-202(2)(a) or (b), MCA, in February of 1995. Zabawa subsequently pled guilty to felony assault under § 45-5-202(2)(b), MCA, for pointing a rifle at his ex-wife, thereby causing her reasonable apprehension of serious bodily injury.
Zabawa filed a sentencing memorandum challenging the constitutionality of applying the weapon enhancement statute when the underlying offense requires proof of use of a weapon as an element of the offense. Specifically, Zabawa contended that application of the weapon enhancement statute would subject him to multiple punishments for the same offense in violation of the Double J eopardy Clause of the Fifth Amendment to the United States Constitution. He also argued that, if the District Court rejected his constitutional argument, his sentence under the weapon enhancement statute should be suspended pursuant to § 46-18-222, MCA, which provides for exceptions to mandatory minimum sentences.
The District Court concluded that applying the weapon enhancement statute did not subject Zabawa to multiple punishments in violation of the Double Jeopardy Clause and that the § 46-18-222, MCA, exceptions to mandatory minimum sentences were inapplicable. The court sentenced Zabawa to a three-year commitment to the Department of Corrections and Human Services (Department) for the felony assault and an additional three-year commitment for use of a *310 firearm in commission of the assault, with the sentences to run consecutively. Zabawa appeals.
1. Did the District Court err in concluding that application of § 46-18-221, MCA, commonly referred to as the weapon enhancement statute, did not subject Zabawa to multiple punishments in violation of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution?
Zabawa argues on appeal that the District Court erred in concluding that application of the weapon enhancement statute did not subject him to multiple punishments for the same offense in violation of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and Article II, Section 25 of the Montana Constitution. We review a district court’s conclusions of law to determine whether the court’s interpretation of the law is correct. State v. Gould (1995), 273 Mont. 207, 219, 902 P.2d 532, 540.
At the outset, we note that Zabawa cites the Double Jeopardy Clauses of both the United States Constitution and the Montana Constitution for his argument that enhancing his felony assault sentence by applying the weapon enhancement statute constitutes a prohibited multiple punishment for the same offense because the use of a weapon is an element of the felony assault offense for which he was convicted. He claims no greater protection from double jeopardy under Article II, Section 25 of the Montana Constitution than under the Fifth Amendment to the United States Constitution, however, and relied entirely on federal interpretations under the United States Constitution during oral argument; in Zabawa’s view, those interpretations supported his argument under that Constitution. Accordingly, we address only the double jeopardy protection afforded under the United States Constitution, leaving for resolution in a future case which may present it the issue of whether Article II, Section 25 of the Montana Constitution provides greater protection from double jeopardy than is provided by the United States Constitution. Given the posture in which this case is presented, we are bound by the double jeopardy interpretations of the United States Supreme Court.
In this regard, the dissent’s characterization of State v. Nelson (1996), 275 Mont. 86, 910 P.2d 247, and Buckman v. Montana Deaconess Hospital (1986), 224 Mont. 318, 730 P.2d 380, is misleading. In Nelson, a unanimous opinion issued less than ten months ago, we deemed the Double Jeopardy Clauses of the Montana Constitution and the United States Constitution coextensive, for purposes of the case, because no greater protection from double jeopardy was claimed *311 therein under the Montana Constitution. Nelson, 910 P.2d at 250. Pointedly, Nelson left for another day — in a case presenting it — the issue of whether the Montana Constitution affords greater double jeopardy protection than the United States Constitution.
Nor is Buckman relevant here. There, the appellant relied on the Contracts Clauses of both the Montana and United States Constitutions for the same measure of protection in both the trial court and this Court. We simply~and properly-chose to address the issue under the Montana Constitution first and to turn to the United States Constitution only in the event the case could not be resolved on adequate and independent state grounds. Buckman, 730 P.2d at 384. For this Court to uphold the fundamental proposition that the Montana Constitution “provides protection of rights separate from the protection afforded by the federal constitution” (see Buckman, 730 P.2d at 384) is a markedly different matter than for this Court to sua sponte create — and then resolve — the issue of whether the Montana Constitution provides greater protection, as the dissent would have us do here. Thus, in this case, where Zabawa claimed no greater protection from double jeopardy under the Montana Constitution than under the United States Constitution, we address only the federal constitutional issue presented.
The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, applicable to the states through the Fourteenth Amendment, generally protects against three distinct abuses: a second prosecution for the same offense following an acquittal; a second prosecution for the same offense following a conviction; and multiple punishments for the same offense. Nelson, 910 P.2d at 250. Double jeopardy cases often focus on the “same offense” issue. See, e.g., State v. Wolfe (1991), 250 Mont. 400, 821 P.2d 339; State v. Crowder (1991), 248 Mont. 169, 810 P.2d 299; State v. Palmer (1983), 207 Mont. 152, 673 P.2d 1234. Here, however, Zabawa contends that application of the weapon enhancement statute is a multiple punishment prohibited by the Double Jeopardy Clause.
Missouri v. Hunter (1983), 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535, is the United States Supreme Court’s seminal case on the multiple punishment aspect of the Double Jeopardy Clause. In Hunter, the defendant robbed a convenience store in Kansas City, Missouri, with a handgun. An off-duty police officer arrived at the store and ordered the defendant and two accomplices to stop; the defendant fired a shot at the officer and he and his accomplices fled. Hunter, 459 U.S. at 360-61, 103 S.Ct. at 675-76.
*312 The defendant was apprehended, tried and convicted of robbery in the first degree, armed criminal action and assault with malice. Hunter, 459 U.S. at 361, 103 S.Ct. at 675. A Missouri statute provided a minimum sentence of five years’ imprisonment for any person convicted of robbery in the first degree “ hy means of a dangerous and deadly weapon.’ ” Under another Missouri statute, any person who committed a felony “ “by, with, or through the use, assistance, or aid of a dangerous or deadly weapon [was] also guilty of the crime of armed criminal action’ ” with a mandatory minimum sentence of three years’imprisonment. Hunter, 459 U.S. at 362, 103 S.Ct. at 675-76.
The Missouri Court of Appeals, relying on Missouri Supreme Court decisions, concluded that the defendant’s sentences for both robbery in the first degree and armed criminal action violated the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and reversed the defendant’s sentence for armed criminal action. The Missouri Supreme Court denied review. Hunter, 459 U.S. at 362-63, 103 S.Ct. at 676-77.
The United States Supreme Court noted that the Missouri Supreme Court previously had construed the two statutes at issue as “defining the same crime” and that the Missouri court recognized that the legislature intended to provide for cumulative punishments pursuant to these statutes. Hunter, 459 U.S. at 368, 103 S.Ct. at 679. The Supreme Court properly deferred to the Missouri court’s interpretation of the Missouri statutes at issue; however, the Supreme Court pointed out that it was not bound by the Missouri court’s legal conclusion that the statutes violated the Double Jeopardy Clause. Hunter, 459 U.S. at 368, 103 S.Ct. at 679.
The Supreme Court concluded that the Missouri Court of Appeals had misperceived the nature of the Double Jeopardy Clause’s protection against multiple punishments. Hunter, 459 U.S. at 366, 103 S.Ct. at 678. The Supreme Court held:
Where, as here, a legislature specifically authorizes cumulative punishment under two statutes ... a court’s task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial.
Hunter, 459 U.S. at 368-69, 103 S.Ct. at 679. Thus,
[w]ith respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended.
*313 Hunter, 459 U.S. at 366, 103 S.Ct. at 678.
In Hunter, therefore, the Supreme Court unequivocally held that, where legislative intent is clear, cumulative punishments imposed in a single trial do not violate the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. While this holding appears to be at odds with long-held perceptions regarding the double jeopardy prohibition against multiple punishments, we are bound by it. Therefore, resolution of Zabawa’s double jeopardy argument depends on whether, in enacting § 46-18-221, MCA, the Montana legislature intended to impose multiple punishments where the underlying offense requires proof of the use of a weapon as an element of the offense.
Section 46-18-221, MCA, provides in pertinent part:
(1) A person who has been found guilty of any offense and who, while engaged in the commission of the offense, knowingly displayed, brandished, or otherwise used a firearm, destructive device, as defined in 45-8-332(1), or other dangerous weapon shall, in addition to the punishment provided for the commission of such offense, be sentenced to a term of imprisonment in the state prison of not less than 2 years or more than 10 years, except as provided in 46-18-222.
Our role in construing statutes is to “ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted. ...” Section 1-2-101, MCA. The intention of the legislature is to be pursued. Section 1-2-102, MCA. We do so by interpreting the plain meaning of the words used by the legislature in the statute. Clarke v. Massey (1995), 271 Mont. 412, 416, 897 P.2d 1085, 1088. Where the language is clear and unambiguous, the statute speaks for itself and we will not resort to other means of interpretation. Clarke, 897 P.2d at 1088.
Zabawa does not dispute that the “in addition to the punishment provided for the commission [of the underlying offense]” language contained in § 46-18-221(1), MCA, indicates an intent bythe Montana legislature to impose multiple sentences when a weapon is used in the commission of the underlying offense. He argues, in essence, that the “any offense” language contained in the statute does not include offenses which require proof of the use of a weapon as an element of the offense. We disagree.
“Any” is defined as — and commonly understood to mean — “one, no matter what one: EVERY[.]” Webster’s Third New International Dictionary, 97 (1971). Thus, the plain meaning of “any offense” is “one offense, *314 regardless of which one.” Adoption of Zabawa’s interpretation of the “any offense” language contained in § 46-18-221(1), MCA, would require us to insert language limiting the “any offense” language to “any offense which does not have as an element the use of a weapon.” We may not insert language which has been omitted from a statute; therefore, adding such a limitation would exceed our proper role in construing statutes. See § 1-2-101, MCA.
Moreover, “we presume that the legislature enacts a law with full knowledge of all existing laws on the same subject. ...” Blythe v. Radiometer America, Inc. (1993), 262 Mont. 464, 475, 866 P.2d 218, 225. Here, the legislature used the “any offense” language in § 46-18-221, MCA, with full knowledge that numerous offenses have the use of a weapon as an element. See, e.g., §§ 45-5-202(2), 45-5-206(1)(b), and 45-5-211(1)(b), MCA. Despite that knowledge, the legislature affirmatively chose to use the “any offense” language without limitation. Accordingly, we conclude that the “any offense” language used in § 46-18-221, MCA, includes offenses in which the use of a weapon is an element as well as offenses which do not contain such an element.
During oral argument, Zabawa cited to State v. Trimmer (1985), 214 Mont. 427, 694 P.2d 490, in support of his position that the “any offense” language contained in § 46-18-221(1), MCA, is ambiguous. His reliance on Trimmer is misplaced.
In Trimmer, the defendant was convicted of misdemeanor assault and sentenced to six months in jail and a $500 fine. The district court also sentenced the defendant to two years in prison, to be served consecutively to the six-month jail sentence, under the weapon enhancement statute. Trimmer, 694 P.2d at 490-91.
On appeal, we interpreted the weapon enhancement statute according to its plain language. See Trimmer, 694 P.2d at 491-92. We noted that the weapon enhancement statute does not convert a misdemeanor conviction into a felony conviction, but simply provides for an additional sentence “tacked on to whatever sentence is imposed for the conviction.” Trimmer, 694 P.2d at 493. Because a misdemeanor conviction can result in incarceration only in a county jail, however, we determined that the requirement in the weapon enhancement statute that the additional sentence be served in a state prison indicated that the legislature intended the statute to apply to felonies and not to misdemeanors. Trimmer, 694 P.2d at 493. We concluded that the language “in addition to” referred to an underlying felony conviction over which a district court has jurisdiction to sentence a defendant to a term in the state prison. Trimmer, 694 P.2d at 493.
*315 Our holding in Trimmer that the weapon enhancement statute applies only to felonies was based on the plain and unambiguous language contained therein. See Trimmer, 694 P.2d at 492. Contrary to Zabawa’s assertion here, we concluded that “any offense” was clear and unambiguous when read in the context of the entire statute. See Trimmer, 694 P.2d at 492. Nothing in Trimmer supports limiting the “any offense” language in § 46-18-221, MCA, to only those underlying felonies in which the use of a weapon is not an element.
Zabawa also relies on Simpson v. United States (1978), 435 U.S. 6, 98 S.Ct. 909, 55 L.Ed.2d 70, in support of his double jeopardy argument. Simpson is inapplicable to the present case.
The petitioners in Simpson robbed two banks using handguns to intimidate bank employees. They were convicted of aggravated bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), and using firearms to commit a felony, in violation of 18 U.S.C. § 924(c). The issue on appeal to the United States Supreme Court was whether, in the case of bank robbery committed with a gun, Congress intended to authorize not only the imposition of an increased penalty under 18 U.S.C. § 2113(d), but also the imposition of an additional penalty under 18 U.S.C. § 924(c). Simpson, 435 U.S. at 8, 98 S.Ct. at 910-11.
Simpson is a statutory construction case in which the Supreme Court considered legislative history in determining Congressional intent in enacting 18 U.S.C. § 924(c). Simpson, 435 U.S. at 13-15, 98 S.Ct. at 913-14. It was not decided on double jeopardy grounds. Indeed, having observed that the Blockburger test provides guidance for determining whether two separately defin ed crimes constitute the “same offense” for double jeopardy purposes, the Supreme Court concluded that a Blockburger analysis is unnecessary where Congress’ intent regarding cumulative punishments is clear. See Simpson, 435 U.S. at 11-12, 98 S.Ct. at 912-13. Based on the legislative history, the Supreme Court ultimately concluded that Congress did not intend for a defendant to be sentenced cumulatively for aggravated bank robbery and for the use of firearms to commit a felony in a prosecution growing out of a bank robbery committed with the use of firearms. Simpson, 435 U.S. at 16, 98 S.Ct. at 914-15. The Supreme Court’s conclusion, based on the legislative history of federal statutes, is not relevant to this Court’s interpretation of the Montana legislature’s intent in enacting § 46-18-221, MCA.
Zabawa also relies on Simpson for the principle that ambiguities concerning the scope of criminal statutes should be resolved in favor of lenity. We need not address Zabawa’s lenity argument because, as *316 concluded above, the language contained in, and the meaning of, § 46-18-221, MCA, are clear.
In summary, neither Trimmer nor Simpson supports Zabawa’s argument that application of the weapon enhancement statute in this case results in impermissible multiple punishments in violation of the Double Jeopardy Clause. The plain meaning of the language used in § 46-18-221, MCA, reflects the Montana legislature’s intent to impose cumulative punishments where a firearm or other dangerous weapon is used during the commission of an underlying offense. Pursuant to Hunter, therefore, we conclude that, because the legislature’s intent is clear, the imposition of cumulative sentences under § 45-5-202(3), MCA, and § 46-18-221(1), MCA, is not prohibited by the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. We hold that the District Court correctly concluded that application of the weapon enhancement statute did not subject Zabawa to multiple punishments in violation of that Double Jeopardy Clause.
2. Did the District Court abuse its discretion in failing to apply the exceptions to the mandatory minimum sentence contained in § 46-18-222, MCA?
The mandatory minimum sentence under the weapon enhancement statute is two years in the state prison, and that minimum can be deferred or suspended only as provided in § 46-18-222, MCA. Sections 46-18-221(1) and (3), MCA. Zabawa argued that the mandatory minimum under the weapon enhancement statute should be suspended pursuant to the exceptions to mandatory minimum sentences contained in §§ 46-18-222(2) and (3), MCA. The District Court determined that the exceptions were inapplicable and sentenced Zabawa to three years’ commitment to the Department under the weapon enhancement statute. Zabawa asserts that the court erred.
District courts have broad discretion in sentencing criminal defendants. We review sentences only to determine whether the court abused its discretion. State v. Graveley (1996), 275 Mont. 519, 521, 915 P.2d 184, 186 (citing State v. DeSalvo (1995), 273 Mont. 343, 346, 903 P.2d 202, 204).
Zabawa argues that he presented evidence to the District Court which warranted application of the exceptions to mandatory minimum sentences which are contained in §§ 46-18-222(2) and (3), MCA. The exceptions contained in those subsections apply when, at the time of the commission of the offense, a defendant’s mental capacity was significantly impaired or the defendant was acting under un *317 usual and substantial duress. Sections 46-18-222(2) and (3), MCA. We need not address the merits of Zabawa’s argument, however.
The statutory exceptions to mandatory minimum sentences allow a sentencing court which would otherwise be required to impose the minimum sentence to sentence a defendant to less than the minimum sentence when the exceptions apply to the facts. State v. Nichols (1986), 222 Mont. 71, 82, 720 P.2d 1157, 1164. The exceptions do not apply unless the sentencing court is initially predisposed to sentence the defendant to the mandatory minimum sentence; when a sentence greater than the mandatory minimum is imposed, the statutory exceptions have no bearing. See Graveley, 915 P.2d at 188; Nichols, 720 P.2d at 1164.
Here, the District Court did not sentence Zabawa to the mandatory minimum sentence of two years required by the weapon enhancement statute; rather, it sentenced Zabawa to three years’ commitment to the Department. We conclude, therefore, that the exceptions contained in § 46-18-222, MCA, are inapplicable in this case.
Zabawa also argues in this regard that the District Court erred in failing to include in the judgment a written statement of its reasons for declining to apply the exceptions to mandatory minimum sentences, as required by § 46-18-223(3), MCA. The State contends, on the other hand, that the statute is inapplicable in this case.
Section 46-18-223(3), MCA, provides:
If it appears by a preponderance of the information, including information submitted during the trial, during the sentencing hearing, and in so much of the presentence report as the court relies on, that none of the exceptions at issue apply, the court shall impose the appropriate mandatory sentence. The court shall state the reasons for its decision in writing and shall include an identification of the facts relied upon in making its determination. The statement shall be included in the judgment.
We previously have concluded that it is not error for a district court to fail to make findings on the exceptions to mandatory minimum sentences when the court imposes a greater sentence than the mandatory minimum. See State v. Stroud (1984), 210 Mont. 58, 78, 683 P.2d 459, 469 (citing State v. Zampich (1983), 205 Mont. 231, 667 P.2d 955). Accordingly, we conclude that Zabawa’s procedural argument under § 46-18-223, MCA, is without merit.
We hold that the District Court did not abuse its discretion in failing to apply the statutory exceptions to the mandatory minimum sentence contained in § 46-18-221(1), MCA.
*318 Affirmed.
CHIEF JUSTICE TURNAGE, JUSTICES NELSON and ERD-MANN concur.