JUSTICE LEAPHART,
specially concurring.
¶26 I specially concur with the opinion of the Court and I write separately to address some of the comments set forth in the dissent. Justice Nelson posits that, Article II, Section 25 of the Montana Constitution, *234 by its plain language, clearly provides less protection against double jeopardy than the Fifth Amendment to the U.S. Constitution. He quotes the language of Article II, Section 25 — "No person shall be again put in jeopardy for the same offense previously tried in any jurisdiction" — and observes that there “is certainly no textual mention of any protection from multiple punishments.” From this observation, he suggests that the only reason that Article II, Section 25 affords protection against multiple punishments is because the Fifth Amendment does and because, under well accepted principles of federalism, we cannot interpret our constitution as providing any less protection.
¶27 Justice Nelson attributes more textual substance to the Fifth Amendment than it is due. In fact, when one compares the language of the two constitutional guarantees, the Montana Constitution is the more specific. The Fifth Amendment merely states: “[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb[.]” U.S. Const, amend. V. There is no mention of any protection other than not being twice placed in jeopardy for the same offense. Contrary to the logic of Justice Nelson’s dissent, the Fifth Amendment makes no textual mention of punishment, multiple punishment, prosecutions or offenses “tried” in any jurisdiction. It merely invokes the concept of “jeopardy.”
¶28 Both this Court and the U.S. Supreme Court have interpreted their respective double jeopardy clauses as offering protection against three distinct abuses: a second prosecution for the same offense following an acquittal; a second prosecution for the same offense following a conviction; and multiple punishments for the same offense. State v. Nelson (1996), 275 Mont. 86, 90, 910 P.2d 247, 250; United States v.Halper (1989), 490 U.S. 435, 440, 109 S.Ct. 1892, 1897, 104 L.Ed.2d 487, 496. These interpretations cannot be traced to the plain language of either constitutional provision since neither constitution makes any reference to prosecutions, punishments, convictions or acquittals. Rather, the interpretations derive from the concept of jeopardy — a term that is used in both documents. Jeopardy is the danger of conviction and punishment incurred by a defendant when he or she is put on trial for a criminal charge. See Black’s Law Dictionary 835 (6th ed. 1990). •
¶29 Thus, when we interpret the Montana Constitution as affording protection against multiple punishments, we do so, not because the text of the United States Constitution sets this as an express minimum — indeed, it makes no direct reference to punishment — but be *235 cause the Montana Constitution, like the U.S. Constitution, specifically protects against double “jeopardy.” In addressing the question of whether Article II, Section 25 protects against enhanced punishments for use of a weapon, we therefore interpret the concept of “jeopardy” as that word is used in the text of the Montana Constitution, independently of how it has been interpreted in the U.S. Constitution.
¶30 As both the Court and the dissent recognize, the Bill of Rights Committee saw to it that our constitution prohibits the existing federal practice of allowing a person already tried in another jurisdiction to be again tried by the State of Montana. This fact alone illustrates that “jeopardy,” as that word is used in our constitution, has a more expansive meaning than it does in the federal constitution. Given that the concept of “jeopardy” appears independently in the Montana Constitution and given further that it offers broader protection from multiple prosecutions than the U.S. Constitution, why would we turn to the federal courts to ascertain whether or not the Montana Constitution protects against enhanced punishments? Where in the transcripts of the Constitutional Convention is there any support for the proposition, adopted by the U.S. Supreme Court in Missouri v. Hunter (1983), 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535, that the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended? According to the U.S. Supreme Court’s interpretation of the Fifth Amendment, the protection against multiple punishments has no inherent constitutional significance; it means only what Congress, or the legislature, through statutory enactment, says it means. However, as I stated in my dissent in State v. Zabawa (1996), 279 Mont. 307, 928 P.2d 151, “[constitutional guarantees are not mere vessels to be left empty or filled at the whim of the legislative branch. Rather, they have intrinsic meaning which is independent of any legislative intent.” Zabawa, 279 Mont. at 323-24, 928 P.2d at 161 (Leaphart, J., dissenting). If the prohibition against multiple punishments is to have any efficacy, it must have some constitutional essence which is beyond legislative amendment or interpretation. If, as both state and federal courts agree, double jeopardy proscribes multiple punishments for the same offense, the inescapable conclusion is that the enhancement provision of § 46-18-221, MCA, is an additional and second punishment for use of a weapon in an assault. As such, it is a multiple punishment in violation of the constitutional prohibition *236 against double jeopardy found in Article II, Section 25 of the Montana Constitution.
¶31 If the protection against double punishments has any meaning, it must certainly encompass a statute which “enhances” punishment for use of a weapon after a defendant has already been punished for use of a weapon in the underlying offense. To hold otherwise, leaves the constitutional guarantee an empty, meaningless promise.