JUSTICE GRAY,
concurring in part and dissenting in part.
¶61 I concur in the Court’s opinion on issue one, relating to using the unproven statements of a child informant as the basis for the issuance of a search warrant. I also join that opinion on issue three, extending the Grey and Siegal rules to cover a situation such as that before us in the present case. I respectfully dissent, however, from the *456 portion of the Court’s opinion on issue two in which the Court throws out 15 years of case law by rej ecting the Franks procedure absent any request by a party to the case for such an action.
¶62 It is important for me to note at the outset that I joined Justice Trieweiler’s special concurring opinion in Mosley which is adopted by the Court in the present case. Moreover, it remains my view that the Franks approach may be a nearly impossible burden for a person challenging information provided in support of an application for a search warrant. Indeed, I would be interested in addressing the Franks issue again in a case where that issue was presented to us for resolution.
¶63 That said, however, I strenuously disagree with the Court’s rejection of Franks — and its related “modification” of Sykes, Mosley and Feland — in the case presently before us. Franks — via Sykes, Mosley and Feland — is the controlling law in Montana and the appellant in this case did not argue at the District Court, and does not argue here, that Franks — and our cases applying it — should be modified or overruled. The appellant’s argument was and is that he met the Franks burden; the State argues to the contrary and the District Court decided the issue in the State’s favor. Under such a circumstance, and for reasons nearly identical to those set forth at some length in my recent dissent in Craig v. Schell, 1999 MT 40, 293 Mont. 323, 975 P.2d 820, it is entirely inappropriate for the Court to simply adopt sua sponte a concurring opinion from an earlier case and plunk it into the middle of this case, thereby creating new precedent on an important issue of law without the benefit of any arguments from the parties litigant. Indeed, the author of the Court’s opinion in this case has stated my position here cogently and eloquently:
[I]t is our obligation to decide the cases filed in this Court on the basis of the issues and arguments raised by the parties. In my view the best decisions result where both sides have had the opportunity to vigorously argue and challenge the positions and authorities of the other side. While the temptation is often great to decide a case on the basis of the argument that “should have been made,” but was not, in blind-siding an issue we run the very real risk of substituting advocacy for neutrality.
State v. Zabawa (1996), 279 Mont. 307, 318, 928 P.2d 151, 158 (Nelson, J, specially concurring). I cannot understand the Court’s decision now to “give in” to “temptation” rather than waiting for “opportunity to knock” in the guise of an actual argument related to rejecting Franks. Nor can I understand the Court’s cavalier treatment of stare *457 decisis and of our proper role in deciding cases on the basis of the arguments actually raised by the parties. Furthermore, as I suggested in my dissent in Craig, I cannot see how we ever will — or can— exercise judicial restraint in any future case now that we have started down such a troubling path.
¶64 It is not this Court’s role to change the nature of the cases before us — to the detriment of the law, at least one litigant in each case and the district courts — in order to re-address issues raised and resolved in the past, but not before us now, and on which we do not have the benefit of briefing by parties both for and against the action the Court has decided on its own to take. I dissent.
¶65 Additionally, while it is clear from Justice Nelson’s concurrence that we generally agree regarding the importance of stare decisis, that concurring opinion does not provide any support for the Court’s approach in the present case. In particular, I cannot agree with the suggestion therein that Roosevelt is a relevant and recent instance where the Court — myself included — improperly decided the case on a theory never presented in the district court or on appeal. That case involved an equal protection challenge to a tax statute in which the trial court concluded that the statute, on its face, was an unconstitutional denial of equal protection. Roosevelt, ¶ 16. On appeal, we discussed at length the necessity and propriety of judicial restraint in constitutional interpretations and, faced with the equal protection issue, decided it narrowly on an “as applied” basis rather than a “facial invalidity” basis. Roosevelt, ¶ 46. There, we were applying fundamental principles of constitutional adjudication which have no relevance or application in the present case.
¶66 Nor can I agree with the concurrence’s notion that, once we have erroneously articulated a principle or theory of law, “there is little likelihood the practicing bar will challenge the erroneous theory or principle or that a trial court will simply ignore the offending precedent.” Indeed, it is my view that an oft-used purpose of concurring and dissenting opinions is to “sow the seeds” for a later change in existing law by providing an alternative analysis to that adopted by this Court and, moreover, it is my experience that the practicing bar frequently argues an approach set forth in an earlier concurring or dissenting opinion as the basis for a change in existing precedent. A recent example of this relatively common use of separate opinions by the practicing bar involves the Fertterer and Gatts cases, decided in 1992 and 1996, respectively. In Fertterer, this Court rendered an interpretation *458 of § 87-1-102, MCA (1989), a fish and game statute, and the dissent on that issue pointed out the errors in the Court’s statutory interpretation. See Fertterer, 255 Mont. at 81, 85-88, 841 P.2d at 471, 474-76. In the subsequent Gatts case, the defendant moved the trial court to dismiss a criminal mischief charge based on the same statute as was at issue in Fertterer, on the grounds that the charge was inappropriate and inconsistent with the plain language of the statute. The prosecution argued that Fertterer was dispositive, the trial court denied the motion to dismiss based on Fertterer, and the defendant appealed, urging that Fertterer was incorrectly decided and requesting that we overrule it. We did so, on the basis that Fertterer was manifestly incorrect. See Gatts, 279 Mont. at 51-52, 928 P.2d at 120. Gatts is readily and easily distinguishable from the present case, and I submit that Gatts reflects the appropriate use of concurring and dissenting opinions; the present case, where the “modification” of our cases applying Franks has never been argued by any party or considered by the District Court, does not.
¶67 Furthermore, I disagree with Justice Nelson’s suggestion that, once the “seeds” of an alternative approach to existing precedent have been “sown” by a concurring or dissenting opinion, it is appropriate for this Court to simply abandon its own precedent where no party has attempted to “produce a bountiful harvest.” Indeed, while Justice Nelson correctly notes that we did not take up Justice Trieweiler’s Mosley “invitation” in Feland, the reason was — as it should be here — that no party asked us to do so. Cases before this Court are brought by parties litigant whose obligation it is to raise the issues they want this Court to address and resolve. When they do not raise an issue or argument this Court might feel would be “productive” in changing the law, so be it. It is simply wrong for this Court to start righting all the wrongs it may perceive to exist in the law without regard to the fact that the parties apparently do not perceive the same problems.
¶68 Nor, of course, is it necessary for a trial court to “simply ignore” existing precedent in order for an issue regarding changing existing law to be preserved for appeal; all that is necessary, as illustrated by Gatts, is that the precedent be raised, and either applied or rejected by the trial court; in such circumstances, the appellant is entirely free to argue on appeal that the trial court erred in applying or rejecting the precedent and this Court is equally free to revisit the precedent, ever mindful of the importance of stare decisis, and determine *459 whether it was manifestly incorrect. These circumstances are not present in the case now before us where Worrall merely argued in the District Court — and argues on appeal — that he met the Franks/Sykes/Mosley/Feland approach.
¶69 On a related point, Justice Nelson’s stated concern that a challenge to an allegedly erroneous theory or principle could subject the party or attorney presenting the challenge to sanctions is disingenuous. ARule ll,M.R.Civ.R, sanction would not be available under such a situation because the rule expressly recognizes that a party or attorney is warranted in presenting a good faith argument for the “reversal of existing law.” Similarly, sanctions are available under Rule 32, M.R.App.P., only where an appeal is taken “without substantial or reasonable grounds.” While not specifically articulated therein, it is clear that Rule 32 essentially incorporates the same standard for sanctions contained in Rule 11. Thus, while Worrall could have made a good faith argument for “modifying” our Franks cases in the District Court — and here on appeal — and could have done so without risk of sanction, he did not do so. I simply do not believe that it is our place to make — and resolve — the argument for him.
¶70 Finally, I agree entirely with Justice Nelson’s reiteration of the Formicove and Gatts stare decisis-related principles. The circumstances giving rise to our restatement and application of those principles in the referenced cases, however, do not exist in the present case and, as a result, those cases do not support the Court’s “modification” of Sykes, Mosley and Feland here. The pertinent background in Gatts is discussed above and need not be repeated here. Similarly, in Formicove, the trial court specifically relied on controlling precedent from this Court in interpreting a statute and the appellant squarely presented the issue of whether the precedent was correctly decided on appeal. Like both of those cases, the District Court in this case relied on existing precedent — that is, our Franks line of cases— in considering Worrall’s challenge to the sufficiency of the search warrant; unlike Gatts and Formicove, however, Worrall does not argue on appeal for the “modification” of those cases. Simply stated, the cases do not support the Court’s approach in the present case.
¶71 I do not doubt that Justice Nelson is correct in asserting that none of us is 100% “pure” in our application of stare decisis or, perhaps, other important principles of appellate practice. It is my view, however, that we must zealously guard against the inclination to become cavalier in ignoring the importance of stare decisis and in over *460 ruling precedent, and I fear that, once we start raising and resolving issues sua sponte which result in overruling controlling precedent, we will be unable to restrain ourselves in the future. For these reasons, I simply cannot agree with the Court’s decision to modify three cases which no party has requested us to modify. I dissent.