CHIEF JUSTICE GRAY,
dissenting.
¶31 I respectfully dissent from the Court’s opinion. I would affirm the District Court on the issues raised by Mallak on appeal. Those issues are 1) whether Mallak was entitled to an evidentiary hearing on his petition for postconviction relief; 2) whether that petition was timely under the “fundamental and clear miscarriage of justice” exception to the usual statutes of limitations relating to postconviction relief petitions, as set forth in State v. Redcrow, 1999 MT 95, 294 Mont. 252, 980 P.2d 622; and 3) whether the five-year statute of limitations for postconviction relief petitions was tolled by § 27-2-401, MCA.
¶32 Instead, in its well-intentioned effort to do the “right” thing for Mallak, the Court has fashioned an entirely new case on appeal, raised issues not raised by Mallak and decided those issues without benefit of briefing by either party.
[I]t is our obligation to decide the cases filed in this Court on the basis of the issues and arguments raised by the parties. In my view the best decisions result where both sides have had the opportunity to vigorously argue and challenge the positions and authorities of the other side. While the temptation is often great to decide a case on the basis of the argument that “should have been made,” but was not, in blind-siding an issue we run the very real risk of substituting advocacy for neutrality.
State v. Zabawa (1996), 279 Mont. 307, 318, 928 P.2d 151, 158 (Nelson, J., specially concurring). In this case, the Court does precisely what Justice Nelson warned of in Zabawa. Apparently not pleased with the result a proper analysis of the issues raised by Mallak through his very experienced counsel require-affirmance of the District Court-the Court instead chooses to start from scratch in fashioning a “happy ending.” While I agree that Mallak’s situation is sad and unfortunate, I am not willing to travel the path the Court has taken. This is *323 advocacy, pure and simple, and advocacy which, at the very least, risks violating the due process rights of the State of Montana (and the citizens it represents) in being heard on the matters at issue, as well as creating an unwise precedent for future cases.
¶33 I would affirm the District Court, and I dissent from the Court’s refusal to do so.