CHIEF JUSTICE GRAY,
concurring in part and dissenting in part.
¶37 I agree entirely with the Court’s opinion insofar as it addresses the issue before us, namely, whether the District Court erred by holding that Tim had not breached his fiduciary duties as conservator of Elizabeth’s Montana property. I respectfully dissent, however, from the Court’s remand.
¶38 In this case and most others, the appellant asks this Court to reverse the District Court. Similarly, in this case and most others, the respondent asks us to affirm the District Court.
Here, we properly affirm the District Court on the issue presented by the appellant. That should be the end of it.
¶39 Instead, the Court decides that it “simply cannot countenance” *424 certain other matters it has noted in the record. As a result, it steps outside any relief requested by any party to this appeal and remands to the District Court with instructions that an audit of the lease arrangement be ordered so the District Court can “require the lease to be reformed in such a way that its figures will conform more closely to actualities” so as to
subject the lease arrangement, the crux of this dispute, to the more searching scrutiny of the District Court, which will be free to revise its prior determinations should such scrutiny bring to light facts which do not appear in the record before us.
As is generally the case when this Court decides that it-rather than the parties or the District CourtTs the appropriate “case manager” of the case, by stepping away from issues actually before us and making determinations neither sought nor briefed, I strenuously dissent. Moreover, the Court’s action here is even more egregious than is sometimes the case. It not only remands to require the trial court to order an audit, it then clearly expects that court to revisit and revise its prior determinations should the “new” record suggest the propriety of such a course of action.
¶40 I need not discuss at length my reasoning in dissenting from the Court’s sua sponte and, in my view, inappropriate actions here. I have written far too many concurring and dissenting opinions on this subject over the years to believe I can influence the Court to stop such practices. See, e.g., Arrowhead Sch. Dist. #75, Park Co. v. Klyap, 2003 MT 294, ¶¶ 81-83, 318 Mont. 103, ¶¶ 81-83, 79 P.3d 250, ¶¶ 81-83 (Gray, C.J., concurring and dissenting); Mallak v. State, 2002 MT 35, ¶ 32, 308 Mont. 314, ¶ 32, 42 P.3d 794, ¶ 32 (Gray, C. J., dissenting); Larson-Murphy v. Steiner, 2000 MT 334, ¶ 140, 303 Mont. 96, ¶ 140, 15 P.3d 1205, ¶ 140 (Gray, J., dissenting); Armstrong v. State, 1999 MT 261, ¶ 77, 296 Mont. 361, ¶ 77, 989 P.2d 364, ¶ 77 (Gray, J., concurring); State v. Worrall, 1999 MT 55, ¶¶ 61-64, 67, 293 Mont. 439, ¶¶ 61-64, 67, 976 P.2d 968, ¶¶ 61-64, 67 (Gray, J., concurring and dissenting); Craig v. Schell, 1999 MT 40, ¶¶ 47, 49-55, 293 Mont. 323, ¶¶ 47, 49-55, 975 P.2d 820, ¶¶ 47, 49-55 (Gray, J., dissenting); State v. Santos (1995), 273 Mont. 125, 139, 902 P.2d 510, 518 (Gray, J., concurring).
¶41 Stated briefly, my view of such an action as the Court takes here is that it oversteps our proper role, at least verges on depriving a party of due process, and ignores the important role of the trial courts. Sadly, these actions also, in my view, decrease public trust and confidence in our Court and subject us to oft-stated and sometimes appropriate *425 attacks from lawyers, Legislators and others. I simply cannot join in such an action here.
¶42 Have I ever participated in such inappropriate actions by this Court? I may have, although I cannot recall a specific instance. I do recall that, in Worrall, the author of the Court’s opinion there (and here) and I exchanged views about the propriety of this Court raising and resolving issues sua sponte. There, I expressed again my concerns on this subject and observed his statement in concurrence in State v. Zabawa (1996), 279 Mont. 307, 318, 928 P.2d 151, 158, that ‘“[i]t is our obligation to decide the cases filed in this Court on the basis of the issues and arguments raised by the parties.’ ” Worrall, ¶ 63 (Gray, J., concurring and dissenting). His response was Tt]hat concurrence still correctly sets forth my view.” Worrall, ¶ 72 (Nelson, J., concurring). He went on, however, to discuss the justification for departing from that “general rule.” Worrall, ¶¶ 72-82 (Nelson, J., concurring).
¶43 The problem with looking for exceptions to and justifications for departing from the general rule-that we are an appellate court which is obligated to decide the cases as they come to us-is that it is likely possible to locate such a justification in nearly any case. Indeed, it is not at all uncommon for us-in reviewing cases-to think, “the lawyer had a winner here but didn’t raise the right issues or arguments.” Nor is it uncommon for us to read transcripts and locate additional issues which, in our view, should have been raised and argued to this Court.
¶44 It is our practice, however, and appropriately so, to decide the cases before us on the issues properly preserved in the trial courts, and raised and briefed on appeal. To the extent we do so only selectively, we leave ourselves open to the all too common accusation that we are being result-oriented. Under such circumstances, it is an unanswerable accusation.
¶45 The Court’s response to my dissent is simply wrong. First, the Court states that I question this Court’s “authority’to order relief not requested in the District Court. This is not true. I do not question whether this Court can exercise such authority. It can. As many are aware, this Court can do almost anything a majority of its members decide to do. Indeed, on some occasions, this approach has been called the “gorilla” Court approach. Authority is not at issue here. This dissent (and others before it) questions the wisdom of the Court’s exercise of its authority.
¶46 Next, the Court cites to various statutes which come nowhere near supporting its decision here to raise and decide an issue sua sponte. The statutes clearly grant district courts certain powers. I have no *426 quarrel with the statutes; the statutes, however, do not vest those powers in this Court.
¶47 Moreover, I agree with the Court that there is ‘ho legal prohibition for the trial court ordering an audit....” The problem, of course, is that the trial court in this case did not order an audit. This Court orders the District Court to do so. Two entirely different concepts, indeed.
¶48 As to the Court’s statement that “equity favors this approach,” I could not disagree more. Section 3-2-203, MCA, invoked by the Court in this regard, merely states that the “appellate jurisdiction of the supreme corut extends to all cases at law and in equity.” The statute speaks to our appellate jurisdiction. It does not in any way authorize us to take on the role of a trial court in equity.
¶49 Similarly, while the Court correctly quotes from 30A C. J.S. Equity §59, the quote has no application here. The C. J.S. Equity title has 156 sections. The very first, §L, is entitled Scope of Title. It states clearly and without equivocation that ‘tsjubjects which are treated in other titles and not treated in this title include appeals from decrees or orders in equity!.]” 30A C.J.S. Equity § 1 (emphasis added). Thus, while the Court accuses me of failing to acknowledge some distinction between our proper appellate approach in equity cases, I might suggest that the Court apparently just fails to understand the differences between a trial court’s role and this Court’s role.
¶50 Nor do Haugen or Reickhoff provide support for the Court’s action here. No rational person would disagree with the Court’s statement that an equity court has power to grant complete relief. We said so clearly in Haugen, 260 Mont. at 35, 858 P.2d at 18. However, Haugen involved our appellate review of a remedy fashioned by a trial court sitting in equity, as raised and argued by the parties to the appeal. We ultimately concluded that the trial court’s remedy was not erroneous. See Haugen, 260 Mont. at 35, 858 P.2d at 18.
¶51 Likewise, the Court correctly quotes our statement from Reickhoff to the effect that an equity court may render final judgment with regard to all involved matters. Again, however, the Court fails to notice the context in which we made that statement, which was that both parties to a trial court decision in equity appealed to this Court. Reickhoff, 123 Mont. at 556, 217 P.2d at 1077. After addressing the parties’ arguments, we affirmed one portion of the trial’s decree and reversed another, remanding to the trial court only for the entry of judgment in favor of the prevailing party on the reversal. Reickhoff, 123 Mont. at 570, 217 P.2d at 1083-84.
*427 ¶52 The Court may, in its prerogative, perceive my distinction between a trial court and an appellate court, and my urging of restraint, as an “overly formalistic approach to these sorts of cases[.]” If so, so be it.
¶53 I concur in the Court’s opinion on the legal issue before us. I vigorously dissent from its decision to go beyond the issue presented in order to reach what it believes to be a more ‘fair” result. I would affirm the District Court and end the opinion there.
JUSTICE RICE joins in the foregoing concurring and dissenting Opinion of CHIEF JUSTICE GRAY.